■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WELLS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 12, 1974, convicting him of sexual misconduct and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the conviction of sexual misconduct and the sentence thereon, and the said count is dismissed. As so modified, judgment affirmed. The case is remitted to the Supreme Court, Kings County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50 subd 5). Defendant was indicted on charges of rape in the first degree, sexual abuse in the first degree, sexual misconduct, and assault in the third degree. Following a jury trial, he was acquitted of the rape and sexual abuse charges and convicted of the two other charges. The elements of the sexual misconduct charged here are identical with the elements of the rape charge. Defendant was accused, *inter alia,* of committing rape by engaging in sexual intercourse with a female by forcible compulsion and of committing sexual misconduct by engaging in sexual intercourse with that female without her consent. Where there is insufficient proof of forcible compulsion, an acquittal of the charge of rape in the first degree precludes a conviction of sexual misconduct by forcible compulsion upon the same evidence (see Penal Law, §§ 130.20, subd 1; 130.05, subd 2, par [a]; *People v McEaddy,* 30 NY2d 519). The jury verdict of not guilty on the rape charge imports a finding that either there was no sexual intercourse or that the element of forcible compulsion was lacking. Since both elements are essential to the instant charge of sexual misconduct, the conviction on that charge must be reversed, as the People concede *(People v Tucker,* 47 AD2d 583; *People v McEaddy, supra).* In view of our decision, any error in excluding the proffered testimony with respect to the prior relationship between the complainant and defendant was harmless under the *Crimmins* test for nonconstitutional error *(People v Crimmins,* 36 NY2d 230, 241–242). We have considered defendant's other points and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Brennan and Munder, JJ., concur.