■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JACKSON, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered October 2, 1974, convicting him of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. Judgment affirmed. There was overwhelming evidence on which the jury could base its verdict that defendant was guilty of the crimes charged. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN LENT, Appellant.—Judgment of the County Court, Nassau County, rendered July 21, 1975, affirmed (cf. *People v Tinsley,* 35 NY2d 926). The case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Hopkins, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVERNON LEGRAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 30, 1975 (extract of sentence minutes dated July 31, 1975) convicting him of sexual misconduct, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. Where the same evidence is offered to support charges of rape in the first degree and sexual misconduct by forcible compulsion, acquittal of the former precludes a conviction of the latter *(People v Wells,* 48 AD2d 934). Martuscello, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MORICI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 12, 1974, convicting him of 'criminal possession of stolen property in the first degree, unauthorized use of a motor vehicle and possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. There was more than sufficient evidence for the jury's verdict. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.