OPINION OF THE COURT
Frederick D. Dugan, J.
Defendant is here indicted for sexual misconduct, the class A misdemeanor, in violation of section 130.20 of the Penal Law upon the allegation that on or about March 26, 1978 he engaged in sexual intercourse with a female without her consent.
No issue of the physical or mental condition or the capacity of the 18-year-old complainant is raised in reference to her alleged lack of consent.
Upon the argument of the defendant’s motion to dismiss the indictment, the prosecution with commendable candor indicates that the Grand Jury was charged by the District Attorney with a presentation of the elements of rape in the first degree (class B felony), violation of section 130.35 of the Penal Law, and then the elements of sexual misconduct (class A *942 misdemeanor), violation of section 130.20 of the Penal Law. These presentations to the Grand Jury are revealed in the court’s in camera inspection of the transcript of the proceedings before the body on March 31, 1978 when it found no bill on the rape offense and indicted defendant for sexual misconduct.
Rape in the first degree (Penal Law, § 130.35, subd 1) proscribes a male engaging in sexual intercourse with a female by "forcible compulsion”. The offense of sexual misconduct (Penal Law, § 130.20, subd 1) contemplates that being a male, a defendant engages in sexual intercourse with a female without her consent.
Subdivision 2 of section 130.05 of the Penal Law provides that the common element of every sex offense (except consensual sodomy) of lack of consent results from "forcible compulsion”. Thus, the element of forcible compulsion for both rape in the first degree and sexual misconduct here is identical. (CJI [NY], Preliminary Publication, 1977, Sex Offenses, art 130, Authorities & References, par 4, p 99, and par 12, p 103; Sexual Misconduct, p 106; Rape First Degree, p 122.)
The offense of sexual misconduct is not a lesser included offense to rape in the first degree. (People v McEaddy, 30 NY2d 519.) Here the Grand Jury finding of no bill on the rape in the first degree offense reflects a failure to find reasonable cause to believe there was forcible compulsion, the identical element required to support its indictment for sexual misconduct.
Submission of the proof under these circumstances contemplates prosecutorial discretion to elect which offense is to be submitted to the Grand Jury, a District Attorney’s discretion which has been held not to violate either due process or equal protection standards. (People v Vicaretti, 54 AD2d 236.)
Defendant’s motion to dismiss the indictment is granted.