OPINION OF THE COURT
David D. Egan, J.
The defendant has moved by notice of motion and supporting affidavit of David A. Murante, Esq., sworn to November 3, 1982 for various relief, including dismissal of the prosecutor’s information upon the ground that the Grand Jury’s failure to indict with reference to the originally presented charges of sodomy and attempted rape in the first degree constituted a finding that the element of forcible compulsion was lacking and therefore the government is barred from prosecuting the defendant on the charge of sexual misconduct which requires the identical element of forcible compulsion. The People responded by answering affirmation of Kathleen A. Majewski dated November 18, 1982.
The defendant was originally charged with the felonies of attempted rape in the first degree (Penal Law, §§110, 130.35) and sodomy in the first degree (Penal Law, § 130.50). The Grand Jury did not indict on the original charges but directed a prosecutor’s information charging the defendant with the misdemeanor crimes of sexual misconduct (Penal Law, § 130.20, subd 2) and attempted sexual misconduct (Penal Law, §§ 110, 130.20, subd 1).
*211 The elements of rape in the first degree (Penal Law, § 130.20, subd 1) and the elements of sodomy in the first degree (Penal Law, § 130.50) are the same as sexual misconduct (Penal Law, § 130.20, subd 2). Forcible compulsion is the key element at issue in this case.
In support of its motion to dismiss the defense cites People v Bullis (30 AD2d 470); People v McEaddy (30 NY2d 519); People v Tucker (47 AD2d 583); People v Legrand (50 AD2d 936); and People v Dailey (94 Misc 2d 941).
In Bullís, the court found that when the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not on the other is repugnant and requires reversal of the convictions. In McEaddy, a nonjury acquittal of rape in the first degree required reversal of a sexual misconduct conviction in that the court specifically found insufficient proof of forcible compulsion. The Legrand and Tucker cases were jury trials with the same results as McEaddy. In the Dailey case the Grand Jury specifically found no forcible compulsion to support rape in the first degree, thereby precluding its sexual misconduct charge. None of the cases cited by defense apply to the present case.
The Grand Jury has wide latitude for action. Under CPL 190.60 after hearing and examining evidence a Grand Jury may indict a person for an offense, direct the District Attorney to file a prosecutor’s information with a local criminal court, direct the District Attorney to file a request for removal to a Family Court, dismiss the charge before it, or submit a Grand Jury report. CPL 190.65 provides that the offense for which a Grand Jury may indict a person is not limited to that which may have been designated at the commencement of the Grand Jury proceeding and even where there is a court order directing that a misdemeanor charge pending in a local criminal court be prosecuted by indictment, the Grand Jury may indict the defendant for a felony if the evidence so warrants. CPL 190.70 empowers a Grand Jury to direct the District Attorney to file in a local criminal court a prosecutor’s information charging a person with an offense other than a felony when (a) the evidence before it is legally sufficient to establish that such person committed such offense, and (b) competent and *212 admissible evidence before it provides reasonable cause to believe that such person committed such offense.
The minutes of the Grand Jury proceeding in this case have been reviewed by the court. The record contains ample evidence to warrant the prosecutor’s information directed by the Grand Jury. The Grand Jury did not make specific findings relative to its decision. The Grand Jury was informed by the Assistant District Attorney as to the elements of the felonies originally charged and of the misdemeanors handed down by the Grand Jury. The jurors were clearly told that both the felonies and misdemeanors required “forcible compulsion”. The misdemeanor options were called to the grand jurors’ attention not as a lesser included offense but as alternatives they might wish to consider given the defendant’s age of 70 years and prior clean record. The Grand Jury acted within the scope of its legislative authority set forth in the Criminal Procedure Law and the defendant cannot complain of the jurors’ decision to charge defendant under the evidence with the less serious offenses.
The motion of the defendant to dismiss is denied. All other motions of defense have been previously ruled upon.