TYSON, Judge.
Charles Tate was indicted for assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial judge sentenced the appellant to life imprisonment in the penitentiary as a habitual offender.
On March 29, 1983, the victim in this case, Benjamin Seals, walked out of the Aquarius Club in Pritchard and observed the appellant’s brother, Leonard Tate, holding a gun to Charles Martin’s head. Seals told Tate to leave Martin alone because he didn’t have any drugs or money. The appellant, who was standing nearby, told Martin that he hoped his brother would shoot him. At some point, Tate lowered the gun and Seals told Martin he would walk him home after he made a phone call. As Seals walked to the phone booth, he was approached by the appellant who told him not to call the police. Seals told the appellant he was only calling his girlfriend. The appellant, who was pointing a gun at Seals, replied that he ought to shoot him anyway. At this point, Seals and Martin fled the scene and went to Martin’s brother’s house.
Seals and Martin’s brother then went to the King and Mary’s Club. As they approached the door, the appellant and his brother came out of the Club. Seals told Martin that those two were the ones who had bothered his brother. The appellant was reaching in his pants, so Seals jumped him and the four struggled for a while. Eventually, the fight broke up and Seals and Martin left.
On April 7, 1983, Seals again went to the Aquarius Club. Shortly after he arrived, he went into the bathroom. The appellant was in the bathroom at this time. When the appellant recognized Seals, he reached down his pants. The two began struggling and Seals ran out of the bathroom and dove behind a chair. Seals heard a shot and stood up. Two more shots were fired and Seals was hit in the chest by one of the shots. One of the customers in the bar *1147 testified that the appellant shot Seals as he was running out of the Club.
Leonard Tate testified the only time he had ever seen Seals was one night at the Aquarius Club when Seals offered to sell him some marijuana.
The appellant testified he had not been involved in a fight with Seals at the King and Mary’s Club. In fact, he stated he did not even know him. He was with his girlfriend at the Aquarius Club the night Seals was shot, but claims he was outside when he heard the gunshots.
I
The appellant is not being represented on appeal by the same counsel who represented him at trial. The appellant cites several instances in the record which he claims constituted ineffective assistance of counsel.
We have thoroughly reviewed the entire record, and particularly the parts about which the appellant complains, and have determined the appellant did receive adequate and proper representation at his trial.
The Alabama Supreme Court in Ex Parte Baldwin, 456 So.2d 129 (Ala.1984), stated that the burden of proof is on the accused to show that he has been denied effective assistance of counsel.
“First, petitioner must show that counsel’s performance was so deficient as to fall below an objective standard of reasonableness. Counsel’s conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct. Second, petitioner must show that counsel’s deficient performance prejudiced the defense and deprived petitioner of a fair trial. Prejudice is shown when, absent the errors, there is a reasonable probability that the jury would have had a reasonable doubt respecting guilt.”
Baldwin, supra. See also Strickland v. Washington, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
During the trial, trial counsel stipulated that Seals had sustained “serious physical injury” as a result of the gunshot. Trial counsel, as a matter of trial strategy, decided to stipulate this fact rather than have the jury view Seal’s wounds. Certainly, this was an acceptable trial strategy and one which probably benefited this appellant. This action did not result in prejudice to the appellant.
The appellant took the stand in this case. On direct examination, trial counsel asked the appellant about previous convictions and the appellant admitted three prior felony convictions. The appellant now asserts this was detrimental to him because the State was not required to prove these convictions for purposes of using the Habitual Offender Act since the appellant admitted them at trial. The appellant denied that he took part in the shooting or that he even knew Seals. Obviously, trial counsel put the appellant on the stand in hopes that the jury would believe the appellant’s story and acquit him based on his version of the events. Trial counsel thought it better to ask the appellant about his prior convictions rather than have them come out on cross-examination by the State. Trial counsel took a risk by putting the appellant on the stand and having him admit those convictions. However, that risk was clearly justified in this cause. Trial counsel assumed the State knew of the appellant’s prior convictions and would probably use them for purposes of the Habitual Offender Act in any event. Trial counsel certainly believed it was better to put the appellant on the stand so that they would have some evidence which might create a reasonable doubt of his guilt. If the jury had acquitted the appellant, the Habitual Offender Act would not have come into play. Therefore, we do not believe trial counsel’s strategy in this regard was unreasonable.
Trial counsel did not make a motion to exclude the State’s evidence in this case. We do not find this constituted ineffective assistance of counsel. The evidence against the appellant was great and the trial judge would most likely have denied *1148 such motion. In fact, trial counsel stated that the reason he was not making a motion to exclude was because he knew “it would be denied.” The failure of trial counsel to file a motion to exclude does not, in itself, constitute inadequate representation and this appellant has failed to show us that he was prejudiced by this failure to act. Woodyard v. State, 428 So.2d 136 (Ala.Crim.App.1982), affirmed, 428 So.2d 138 (Ala.1983).
Most of the instances about which the appellant now complains were matters of trial strategy. Such matters are left to the sound discretion of trial counsel. We do not find trial counsel abused his discretion in choosing which strategies to pursue in this case, or that these prejudiced the appellant in any way. Mains v. State, 375 So.2d 1299 (Ala.Crim.App.1979), Woodyard, supra, Goodman v. State, 387 So.2d 862 (Ala.Crim.App.), writ denied, 387 So.2d 864 (Ala.1980).
Trial counsel in this case made numerous objections to the State’s evidence, thoroughly cross-examined the various State’s witnesses, adequately attempted to impeach those witnesses, and presented a good defense on the appellant’s behalf.
The appellant has failed to demonstrate to this court that he was denied reasonably effective assistance of counsel. Furthermore, he could not demonstrate that he was prejudiced by trial counsel’s performance at trial even had we found it to be inadequate. Therefore, there is no basis of error to reversal on this issue.
II
Before the trial began, the trial judge struck two jurors sua sponte. The appellant in brief admits that the trial judge did not abuse his discretion in this regard. Trial counsel brought the matter to the trial judge’s attention and he stated the two jurors were struck because one knew the appellant and the other knew the trial counsel and both stated their acquaintance with the appellant and trial counsel “would affect their verdict.”
Furthermore, there were 26 jurors on the venire before these two were struck. The trial judge stated that, when there are more than the required 24 jurors on the venire, it is the customary practice to strike any additional jurors so that they will be available for other trials. Certainly, we can find no error here on this basis.
III
The appellant contends the testimony of Chris Martin should have been excluded because it was irrelevant and immaterial. We find no merit to this contention.
Following Martin’s testimony, trial counsel asked the trial judge to exclude this testimony. The State alleged the testimony would be tied up with other evidence to be produced at a later point in trial.
From our reading of the record, the State did adequately tie in Martin’s testimony with the rest of the evidence. Martin’s testimony was material and relevant because it demonstrated how appellant and Seals became involved with each other, and along with other evidence, provided a motive as to why the appellant shot Seals. The testimony of Martin was properly admitted.
IV
The appellant claims it was error not to admit a statement made by Seals to a police officer. During the cross-examination of the officer, trial counsel attempted to introduce the statement into evidence. The trial judge, over the State’s objection, allowed the statement to be read to the jury.
We fail to see how the appellant was prejudiced because this statement was not admitted into evidence. The jury was allowed to hear the statement and trial counsel did not further press for its admission after it was read to the jury.
For the reasons stated above, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.