This is an appeal from a judgment of delinquency against two juveniles. In a *Page 1067 
petition in the juvenile court, fourteen-year-old Linda Gail Burgess was charged with aiding and abetting seventeen-year-old Edward Cowan, Jr. in the offense of rape. In a separate petition, sixteen-year-old Kenneth Clay was charged with first degree rape. Cowan was also charged with first degree rape. Although tried together, the juveniles were represented by separate counsel in the juvenile court. Clay and Cowan were declared delinquent for having committed the offense of sexual misconduct. Alabama Code 1975, § 13A-6-65. Burgess was declared delinquent for having aided and abetted in that same sexual misconduct. Clay had prior adjudications of delinquency and was committed to the Alabama Department of Youth Services. Cowan and Burgess were placed on probation conditioned upon the service of 60 days in the detention home. This appeal involves only Burgess and Clay. Although three issues are presented, we address only one because that issue is dispositive of this cause.
The trial judge erred in finding the juveniles guilty of sexual misconduct.
The sixteen-year-old victim in this case, Burgess, Clay and Cowan were mentally retarded students in special education classes at Bob Jones High School in Madison, Alabama. During school hours on March 7, 1984, the four students got out of class and slipped off to the gym. They went into the boys restroom where Burgess and Cowan engaged in sexual intercourse. Both Cowan and Clay had intercourse with the victim. These facts are undisputed.
The State's evidence tended to show that the victim was an unwilling participant in the venture, too scared to resist. The defense painted the victim as willingly engaging in the sexual activities and offering no resistance.
The State failed to prove that the defendants were guilty of rape in the first degree because there was no evidence of forcible compulsion. Alabama Code 1975, § 13A-6-61. The State argued that the victim offered all the resistance she could with her diminished mental capacity. However, the trial court found: "I will just say this from my own observation of [the victim]. It is my opinion that she had the capacity to consent."
At the conclusion of all the evidence, the trial court also found no proof of forcible compulsion:
 "THE COURT: The Court is not convinced beyond a reasonable doubt that the acts which have been testified about were forcible compulsion. However, the Court is convinced beyond a reasonable doubt that those same acts were without the consent of Angie Lamb, and, therefore, finds Kenneth Clay and Edward Cowan, Jr., delinquent for having violated the conditions of Alabama's Code titled Section 13A-6-65
prohibiting sexual misconduct.
 "The Court similarly finds that Linda Gail Burgess is delinquent for having aided or abetted Edward Cowan, Jr., in committing the offense of sexual misconduct pursuant to Section 13A-6-65."
A person commits the crime of sexual misconduct if "being a male, engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 [rape in the first degree] and 13A-6-62 [rape in the second degree]." Alabama Code 1975, § 13A-6-65 (a)(1).
An element of the offenses of rape, first and second degree, and sexual misconduct is "that the sexual act was committed without consent of the victim."
"§ 13A-6-70. Lack of consent.
 "(a) Whether or not specifically stated, it is an element of every offense defined in this article, with the exception of subdivision (a)(3) of section 13A-6-65, that the sexual act was committed without consent of the victim.
"(b) Lack of consent results from:
(1) Forcible compulsion; or
(2) Incapacity to consent; or
 (3) If the offense charged is sexual abuse, any circumstances, in addition to forcible compulsion or incapacity to *Page 1068 
consent, in which the victim does not expressly or impliedly acquiesce in the actor's conduct.
 "(c) A person is deemed incapable of consent if he is:
(1) Less than 16 years old; or
(2) Mentally defective; or
(3) Mentally incapacitated; or
(4) Physically helpless."
Alabama Code 1975, § 13A-6-70 (emphasis added).
The trial judge found there was no evidence of forcible compulsion. The record supports his finding. There was nothing to show the existence of forcible compulsion as defined by §13A-6-60 (8): "Physical force that overcomes earnest resistence or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
The trial court's finding that the sixteen-year-old victim had the capacity to consent precludes our finding that she was incapable of consenting under § 13A-6-70 (b)(2) or that sections 13A-6-70 (c)(2) or (3) apply.
Since there is a total failure of any testimony that the sexual act was committed without the victim's consent as defined by § 13A-6-70 (b), the convictions of sexual misconduct were unjustified. Under our Criminal Code, lack of consent is specifically defined and results from either forcible compulsion as defined by § 13A-6-60 (8) or incapacity to consent as defined by § 13A-6-70 (c).
"Where there is insufficient proof of forcible compulsion, an acquittal of the charge of rape in the first degree precludes a conviction of sexual misconduct by forcible compulsion upon the same evidence." People v. Wells, 48 A.D.2d 934, 369 N.Y.S.2d 538,539 (1975). The element of forcible compulsion for both first degree rape and sexual misconduct is identical. People v.Dailey, 94 Misc.2d 941, 405 N.Y.S.2d 986, 987 (1978). "The defendant's acquittal of the charge of rape in the first degree, upon the trial court's finding that there was insufficient proof of forcible compulsion . . ., precluded a conviction of sexual misconduct by forcible compulsion upon the same evidence." People v. McEaddy, 30 N.Y.2d 519, 330 N.Y.S.2d 65,280 N.E.2d 891 (1972).
The judgment of the circuit court is reversed and the cause rendered.
REVERSED AND RENDERED.
All Judges concur.