Joel Christopher Martin was indicted for first degree rape in violation of § 13A-6-61, Code of Alabama 1975. The jury found him "guilty of rape, first degree, as charged in the indictment." He was sentenced to ten years' imprisonment in the state penitentiary.
The prosecutrix testified that on the night of Friday, August 3, 1985 she visited two nightclubs in Houston County, Alabama, where she had several drinks. She left from "Cowboys" to go home at approximately 2:30 a.m.
When she approached an area known as the "traffic circle" on Highway 231 South she noticed someone behind her in an automobile flashing his headlights. Thinking that the driver of this vehicle was someone she knew, the prosecutrix eventually stopped her car in a "Super Foods" parking lot located at the intersection of Hartford Highway and Ross Clark Traffic Circle in Dothan, Alabama.
The car that had flashed its lights at her then pulled up next to the prosecutrix and she realized that she did not know the driver. The driver asked her to return to the nightclub and have a drink with him, but she refused, telling him that she was tired and needed to go home. He then asked her to get out of her car so he could see what he was "missing out on".
The prosecutrix did so and, when she started to get back in her car, she noticed that he had a gun pointed at her. He told *Page 337 
her to get in his car and said not to "do anything that we'll both regret." They started to leave but she remembered that she had left her keys in her car. The man then drove her back to her car so that she could lock it and get her purse and keys.
The prosecutrix testified that she was "afraid for her life." She got back into his car and he drove to a spot near some railroad tracks where he parked the car. She testified that she was still frightened at this point but did not see the gun. She tried to open the car door to escape, but he prevented her from doing so. He then raped her.
The prosecutrix testified that the man ordered her to take off her own clothes after he had tried unsuccessfully to undress her. He then took her back to her car. He asked her not to tell the police and she said she would not do so.
The prosecutrix drove to her sister's apartment following the incident at which time she told her sister what had happened. The two of them then went to Flowers Hospital. The police were called and the prosecutrix was examined for evidence of rape.
The prosecutrix positively identified the appellant at trial as the man who had raped her. On cross-examination she testified that, while he was driving her back to her car, he showed her the gun and told her that it was a toy gun. The gun was made of metal. The prosecutrix did not know whether or not it was actually a toy gun.
Sherry Shelly testified that on August 24, 1985 the appellant stopped her by flashing the lights of his car following her departure from a nightclub. They had a conversation during which the appellant told Ms. Shelly that he had dated two of her cousins. She allowed him to get in her car and he asked her to drive to his mother's house to watch television.
After she had driven some distance, Ms. Shelly became suspicious of the appellant's intentions and attempted to turn the car around. The appellant then grabbed the steering wheel, pushed a sharp object into her side and told her to pull off of the road. She refused, and the appellant asked her if she was "dry". Ms. Shelly eventually pulled into someone's driveway and pressed on the horn.
She told him to get out of the car at which point he started crying and asked her to take him back to his car. She left him standing there. Later, she found his checkbook and keys in her car and reported the incident to her stepfather who was a state trooper.
Stanley Devane, a Dothan, Alabama Police Officer, testified that he interviewed the prosecutrix at Flowers Hospital on August 3, 1985. The prosecutrix showed him where the alleged incident had taken place.
John Collier, an investigator with the Dothan Police Department, testified that, after the appellant was arrested, he told Collier that he had offered the prosecutrix $100.00 if she would have sex with him and that she had replied, "I'll do a lot of things for a hundred dollars." The appellant said that after they had sex he told the prosecutrix that he only had $40.00 and that she got mad at him and accused him of rape at that time. A few minutes later the appellant waived his rights and "confessed" that the prosecutrix had said that she did not want to have sex with him but that she had acquiesced and then later claimed that he raped her.
The appellant denied having pointed the gun at the prosecutrix and stated that it was a plastic toy pistol. He also told her that he was married. When asked by Collier why he raped the prosecutrix, the appellant replied: "I don't really know. I just . . . had been having problems with my wife . . . I took it out on this girl. I have a problem and I need some help with it."
The appellant testified that on the night of the alleged rape he had been flirting with the prosecutrix and that she had been flirting back. His version of the incident matched his "confession" to Collier as well as that version given by the prosecutrix *Page 338 
except that the appellant testified that he did not threaten to shoot the prosecutrix and had just been playing with the toy gun.
He testified that she "finally consented" to get in the car with him and that immediately before they had sex she whispered that she "shouldn't be doing this."
The appellant verified the testimony of Ms. Shelly and stated that he had told Collier the story about offering the prosecutrix the money because he was scared. The appellant testified that the District Attorney told him he knew the appellant was lying and "it" would "go better" if he would talk to the District Attorney.
 I
The appellant contends that the trial court erred in failing to grant his motion for judgment of acquittal on the grounds that the State failed to prove a prima facie case. Specifically, he argues that the State failed to prove that the appellant used "forcible compulsion" on the prosecutrix as required by statute. We disagree.
Forcible compulsion is defined as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." § 13A-6-60(8) (emphasis added).
The record in this case clearly reveals evidence presented by the State which tends to prove the element of forcible compulsion. The prosecutrix testified that she acquiesced out of fear for her life believing that the appellant had a real gun. See Weatherford v. State, 369 So.2d 863 (Ala.Crim.App.), writ denied, 369 So.2d 873 (Ala. 1979), cert. denied,444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979). Under the facts outlined, the State presented prima facie evidence of all of the elements of rape and the trial judge properly submitted the case to the jury. Harris v. State, 333 So.2d 871
(Ala.Crim.App. 1976) and authorities cited.
 II
The appellant contends that the trial court erred in admitting the testimony of Sherry Shelly concerning the subsequent incident involving the appellant. He argues that the evidence was offered for the purpose of showing the appellant's bad character and disposition to commit the present crime and, therefore, should not have been admitted by the trial judge. We disagree.
The law in Alabama is well settled that evidence of prioror subsequent offenses is admissible as an exception to the general rule in order to show intent on the part of an appellant charged with first degree rape where the appellant alleges consent as a defense. Primm v. State, 473 So.2d 1149
(Ala.Crim.App. 1985); C. Gamble, McElroy's Alabama Evidence
§§ 69.01, 70.01(22)(d) (3d ed. 1977). This evidence falls squarely within the exception and, thus, was properly admitted.
Furthermore, this evidence was admissible under the "common plan or scheme" exception as well. The two offenses were substantially similar in "modus operandi" so as to link the appellant with both incidents. Smith v. State, 409 So.2d 455
(Ala.Crim.App. 1982) and authorities cited. Gamble, supra § 70.01(22)(c); Primm, supra.
 III
The appellant contends that the trial judge erred in refusing to give his first requested jury charge which provided:
 "If you find the forcible compulsion required for the charge of Rape, First Degree, did not exist beyond a reasonable doubt, you may find the defendant guilty of sexual misconduct, which is sexual intercourse without consent but without the forcible compulsion required of Rape, First Degree."
(R. 196) (emphasis added).
This charge is completely without legal support. Although appellant cites the recent case which interprets the sexual misconduct statute in his brief (Burgess v. *Page 339 State, 462 So.2d 1066 (Ala.Crim.App. 1985)), his requested charge completely ignores the law stated therein.
In Burgess, this court clearly pointed out that the lack of consent required for conviction of the offense of sexual misconduct pursuant to § 13A-6-65, Code of Alabama 1975 "results from either forcible compulsion as defined by §13A-6-60(8) or incapacity to consent as defined by §13A-6-70(c)." Burgess, supra, p. 1068. "The element of forcible compulsion for both first degree and sexual misconduct is identical." Burgess, supra p. 1068, and authorities cited therein. There was no evidence of "incapacity to consent as defined by 13A-6-70(c)."
The trial court's refusal of the appellant's first requested charge was proper in this case since it contained erroneous statements of law. Williams v. State, 461 So.2d 834
(Ala.Crim.App. 1983), rev'd on other grounds, 461 So.2d 852 (Ala. 1984).
 IV
The appellant contends that the trial court abused its discretion in refusing the jury's request to read back testimony concerning where the gun was when the appellant 'and the prosecutrix stopped in the field.
We note at the outset that this issue was not properly presented for review to this court. The appellant's argument in brief is not supported with citation of authority. A.R.A.P. 28(a) as amended. Mitchell v. State, 450 So.2d 140
(Ala.Civ.App. 1984). Nevertheless, we have examined the appellant's contention and find it to be without merit.
"[I]t is well established that the reading of testimony to the jury at its request is within the sound discretion of the trial judge." Fitchard v. State, 424 So.2d 674 (Ala.Crim.App. 1982). See also Hammes v. State, 417 So.2d 594 (Ala.Crim.App. 1982). The appellant has failed to show the trial court's action in denying the jury's request constituted an abuse of discretion.
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.