TYSON, Judge.
L.C. Hall, Jr. was indicted for attempted murder and burglary in the first degree. The two indictments were consolidated for trial. The appellant was found guilty of the burglary charge and sentenced to life imprisonment. He was also found guilty of menacing as a lesser included offense of attempted murder and sentenced to one year in the county jail for this.
After the trial of this case, the appellant filed two pro se motions to arrest judgment. In his motions the appellant contends he was denied the effective assistance of counsel alleging, among other things, that his trial counsel failed to ascertain that one of the jurors in this case was related to the victims and that his attorney would not let him testify at his trial in his own behalf. Both of the appellant’s motions were denied without a hearing.
The allegations contained in the appellant’s motions are serious and will most likely be raised again at a later time (i.e., by a petition for collateral post-conviction relief) if they are not addressed here. However, there are insufficient facts contained in this record to allow us to adequately address these allegations. Thus, in light of the above facts, we find it necessary to remand this cause to the trial court with directions that an evidentiary hearing be held concerning the allegations raised in the appellant’s pro se motions to arrest judgment.
After such a hearing has been held, the trial court shall forward to this court for review a transcript of the hearing and the trial court’s written findings of fact concerning the appellant’s allegations. Deerman v. State, 466 So.2d 1013, 1018 (Ala.Crim.App.1984), cert. denied, 466 So.2d 1020 (Ala.1985); Bennett v. State, 410 So.2d 138 (Ala.Crim.App.), cert. denied, 410 So.2d 139 (Ala.1981); Delevie v. State, 454 So.2d 1044, 1048 (Ala.Crim.App.1984).
We must also note that the motions were denied by the same trial judge who several months earlier presided over the appellant’s trial. Thus, the trial judge may well have denied these motions based on facts within his own personal knowledge of this case. If such was the case, the trial court should make a written statement of those findings and forward such to this court. Hayes v. State, 417 So.2d 579, 580 (Ala.Crim.App.1982). In this event, an eviden-tiary hearing on the appellant’s allegations may be unnecessary.
This cause is remanded to the trial court with the instructions as outlined above.
REMANDED WITH DIRECTIONS.
All the Judges concur.
On Return to Remand
TYSON, Judge.
We remanded this case to the trial court with directions to make findings on the appellant’s allegations of ineffective assistance of counsel. The trial court has complied with our instructions and made due return. The first two sections of this opinion deal with the issues on return from remand. The remaining sections in this opinion examine the issues which this appellant raised in his initial brief.
*1335 I
The appellant argues that the trial judge erred in not granting the appellant a new trial based upon the allegation that the appellant’s trial attorney did not call certain potential defense witnesses to testify at his trial.
The appellant contends he received ineffective assistance of counsel because his trial attorney did not call several alibi witnesses and did not allow this appellant to testify.
After the evidentiary hearing held concerning these allegations raised by the appellant, the court issued the following order:
“ORDER
“This matter coming on to be heard on a Motion to Arrest Judgment and various other motions filed by the Defendant, the Court makes the following findings of fact:
“Based on the testimony presented at the hearing, the Court concludes that the alibi witnesses that the Defendant might have had were known at the time of trial and that no witnesses existed. The Court also finds that the testimony of the Defendant and the defense witnesses at the hearing was incredible. Finally, the Court finds that defense counsel did not prevent the Defendant from testifying; rather, based on a legitimate trial tactic, defense counsel merely advised the Defendant not to testify and the Defendant followed this advice.
“Therefore, based on the foregoing, the Court hereby orders that the motions are denied.
“Done this the 3rd day of April, 1987.
/s/ H. Randall Thomas
Circuit Judge”
(R. 87, Return to Remand).
Regarding the allegation that the appellant’s trial attorney, Mr. Sankey, did not interview and call alibi witnesses, Mr. Sankey testified that the appellant had told him that he, the appellant, was at home alone when the break-in at Willie Streety’s home occurred. Mr. Sankey also stated if he had been told about any alibi witnesses he would have interviewed them and called them to testify at the appellant’s trial.
As to the allegation that the appellant’s trial attorney failed to call the appellant to testify, it was shown the appellant had a prior conviction for first degree murder. Mr. Sankey thought the prior conviction would have greatly prejudiced the jury against this appellant especially since the pending charge was attempted murder. The appellant admitted that Mr. Sankey had discussed his prior conviction with this appellant in preparing for the appellant’s trial.
“The Alabama Supreme Court in Ex Parte Baldwin, 456 So.2d 129 (Ala.1984), stated that the burden of proof is on the accused to show that he has been denied effective assistance of counsel.
“ ‘First, petitioner must show that counsel’s performance was so deficient as to fall below an objective standard of reasonableness. Counsel’s conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct. Second, petitioner must show that counsel’s deficient performance prejudiced the defense and deprived petitioner of a fair trial. Prejudice is shown when, absent the errors, there is a reasonable probability that the jury would have had a reasonable doubt respecting guilt.’ ”
Tate v. State, 456 So.2d 1145, 1147 (Ala.Cr.App.1984); See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
After careful review of the trial court’s order and the transcript of the hearing, we find the appellant did not meet his burden of proof in showing the first part of the two part standard set out in Ex Parte Baldmn, supra, on either of the above-mentioned allegations.
Therefore, the findings of the trial judge were correct in denying the motions based on these allegations. The record supports the trial judge’s findings.
*1336 II
The appellant contends the trial judge erred in denying the appellant’s motion to set aside this conviction based on the fact that a juror was related to the victim of the crime.
At the evidentiary hearing held on these allegations, the appellant claimed that Willie Davis, a member of the jury at his trial, was related to the victim, Willie Streety. The appellant stated that Willie Davis was related to Willie Streety’s brother-in-law. The appellant alleges he informed his trial attorney of this kinship.
The victim, Willie Streety, testified she did not know Willie Davis and she was not aware of being related to Willie Davis. Also she remembered the judge asking the jury venire to stand if anyone was related to her and no one did.
Newman Sankey, the appellant’s trial attorney, testified that on voir dire of the jury no one responded affirmatively when asked if anyone was related to or friends of Willie Streety. Mr. Sankey stated that the appellant did not tell him that a member of the jury venire might be related to the victim.
The trial judge asked the appellant’s attorney why they had not called Willie Davis, the member of the jury in question, to testify. The appellant’s attorney stated he did not feel it was necessary. The trial judge stated, “[w]ell if he was on the jury you can get his address. They had to get him here.” (R. 44)
The trial judge in his order did not specifically mention the issue of the member of the jury being kin to the victim. The fact that the trial judge denied all motions along with the evidence mentioned above shows the appellant did not establish that the jury member in question was kin to Willie Streety. See Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970); Smithson v. State, 50 Ala.App. 318, 278 So.2d 766 (1973); See also, Trahan v. State, 450 So.2d 1102 (Ala.Cr.App.1984).
More importantly, the appellant did not show that his trial attorney had any knowledge that such a kinship might exist. The appellant consequently then did not meet the burden of proof for the first part of the two part standard set forth in Ex Parte Baldwin, supra.
Accordingly, the trial judge was correct in denying the appellant’s motion to set aside the conviction based on this allegation.
Ill
The appellant argues there was not sufficient evidence to support his conviction.
On July 27, 1985 at approximately 10:30 p.m., a man kicked in the kitchen door of 5509 Gantry Drive, which is located in Montgomery County, Alabama. The man had a shotgun and fired two shots.
Tanya Streety, Willie Streety’s daughter, testified that, while she and her brother were lying on the sofa they heard a gunshot, the kitchen door was knocked in and then another shot was fired. Tanya stated the man was wearing blue jeans, black boots and a green gorilla mask. Tanya and her brother ran to the bedroom where their mother was located. Tanya identified the appellant as the man who broke in, by his physique. Tanya had seen this appellant before because he was married to her cousin, Jacqueline Hall.
Willie Streety testified she lives at 5509 Gantry Drive with husband and two children. On the night of July 27, 1985, she heard two gunshot blasts. Her children ran screaming into her bedroom where she was located. Willie Streety did not see the person who fired these shots. She also testified “the bullets entered my bedroom wall and came out in the closet.” (R. 67). Willie Streety identified photographs showing the shotgun pellet holes in her bedroom. Willie Streety stated that her niece, Jacqueline, was married to the appellant and the appellant had been to her house several times. On cross-examination Willie Streety testified she was not hit by the shotgun blast. She also stated she did not know Clarence Dickerson.
Willie Streety’s son, Sean Streety’s testimony about the man entering their home *1337 was consistent with his sister’s testimony. Sean Streety described the mask the man was wearing as a green monkey mask with green hair and funny looking jagged white teeth. He stated he had played with the very same mask before at this appellant’s house. After running into his mother’s bedroom, they heard the volume of the television set go down and then back up again.
Jacqueline Hall, also called Jackie, testified, that on July 27, 1985 she was married to this appellant but at this time they were separated. She stated the appellant owned a shotgun, a pistol and a greenish colored gorilla mask. She testified that, prior to her marriage to the appellant, she had lived at Smiley Court. Also, she stated she did not know Clarence Dickerson.
Clarence Dickerson testified that on July 27,1985 he was living at Smiley Court. On this date he saw a man in the hallway at Smiley Court wearing a green Halloween mask. After the man left the building he saw the man down the street without the mask. The man asked Clarence if he knew a girl named Jackie. Mr. Dickerson identified this man whom he saw as the appellant. He stated he told Walker Pettiway, who lived with Eva Robinson, about the incident. Mr. Davis testified he did not know Jacqueline Hall or Willie Streety.
Four other witnesses were called by the State. Two witnesses, Eva Robinson and Walker Pettiway substantiated Clarence Dickerson’s testimony. The other two witnesses’ testimonies were not necessary to show sufficiency of the evidence against this appellant.
In Giles v. State, 440 So.2d 1237, 1239 (Ala.Cr.App.1983) this court stated:
“When a motion to exclude state’s evidence is made on the grounds that the state had failed to make out a prima facie case because the evidence is insufficient to support a finding of guilty beyond a reasonable doubt, it is the duty of the trial court to determine the sufficiency of the evidence to sustain a conviction order under the indictment. In determining if the evidence of the state is sufficient to sustain a verdict, the trial court should consider only the evidence before the jury of the facts at the time the motion is made, and must consider it most favorably to the state. Where there is evidence from which the jury may by fair inference find the defendant guilty, the trial court should submit the case to the jury to determine the weight it will give the evidence, and this Court should not disturb the verdict.”
See Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979); Stewart v. State, 405 So.2d 402 (Ala.Cr.App.1981).
The evidence in this cause was sufficient for the trial judge to send this cause to the jury. Therefore, the verdict of the jury will not be disturbed on appeal.
IV
The appellant contends that menacing is not a lesser included offense of attempted murder.
This issue was not properly preserved for our review.
The following occurred in the trial judge’s chambers:
“THE COURT: I deny your motion for directed verdict on both counts and I am going to charge on menacing and reckless endangerment. Isn’t that what you asked me?
“MR. SANKEY: Yes, sir, and criminal mischief.
“THE COURT: And criminal mischief, all lesser included of attempted murder and all crimes under the definition of burglary in the first degree.” (R. 143)
It appears from the record that this appellant was the one who asked that the jury be charged with “menacing”. Also, no objection was made by the appellant to the jury charge on menacing.
Ex Parte Washington, 448 So.2d 404, 406 (Ala.1984) states:
“In order to preserve alleged error in the trial court’s oral instructions to the jury, the objection must be made prior to the jury’s retirement for deliberation ... but it need not be made in their presence. A.R.Crim.P., Temp. Rule 14. The objec *1338 tion must be specific enough to point out the alleged error so as to allow the judge to correct the error.”
Hence, the appellant did not preserve this issue for our review. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), aff'd Allen v. State, 414 So.2d 993 (Ala.1982).
V
The appellant argues the evidence did not support a conviction of menacing because there was a fatal variance between the indictment and the proof.
The appellant seems to argue that there was a fatal variance between the indictment which charged the appellant with the attempted murder of Willie Streety and the proof shown at trial. The appellant contends that the person who was shot at was not only misnamed in the indictment but, also, the proof was that it was two different people.
The appellant argues there was no evidence of intent to kill Willie Streety. The appellant’s intent toward Willie Streety is a factual issue in dispute. The appellant’s intent can be inferred from the evidence in this cause which is stated in detail in section III of this opinion. That evidence shows that the appellant entered Willie Streety’s home with a deadly weapon, i.e., that shotgun pellets fired entered the room where Willie Streety was located, and the appellant had been to the Streety’s home several times before and was familiar with the layout of this house.
Thus, a factual question was presented for the jury to determine if such intent was present in order to convict the appellant of the offenses with which he was charged. See Moseley v. State, 461 So.2d 34 (Ala.Cr.App.1984).
“The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.... This court has stated the policy behind the fatal variance rule as follows: ‘The purpose of the rule is for the identification and notice to defendant, and if those purposes are not met no substantial injury to defendant results.’ ”
In re House v. State, 380 So.2d 940, 942-943 (Ala.1979).
In the case at bar the person named in the indictment was not misnamed or a different person. The appellant was here given sufficient notice of the crime charged in order to prepare his defense.
Accordingly, this evidence supported the conviction of menacing because there was no fatal variance between the indictment and the proof. See also authorities in Issue III.
VI
The appellant contends the jury verdicts were inconsistent.
We note that this issue was not properly presented for review by this court. The appellant’s argument is not supported by citation of authority. A.R.A.P. 28(a) as amended; Martin v. State, 504 So.2d 335 (Ala.Cr.App.1986), cert. denied, 504 So.2d 335 (Ala.1987).
In examining the appellant’s contention we find the same to be without merit. Even if the jury verdicts are inconsistent in Hammond v. State, 497 So.2d 558, 562-563 (Ala.Cr.App.), cert quashed, 497 So.2d 558 (Ala.1986) this court stated:
“... the general rule enunciated in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), that a defendant convicted by a jury on one count cannot attack that conviction on the ground that it is inconsistent with the jury’s verdict of acquittal on another count.
[[Image here]]
“We adopt this approach formulated in Dunn and the cases which followed it.”
We do not determine whether the two verdicts can be reconciled. Thus, we are not indicating that we find the jury verdicts to be inconsistent.
Therefore, we find that the verdicts, even if they were inconsistent, should stand as rendered.
*1339 VII
The appellant argues the trial judge improperly sentenced the appellant under the menacing statute.
He was also sentenced to life imprisonment under the burglary count.
The appellant was also found guilty of menacing which is a class B misdemeanor. Ala.Code § 13A-6-23 (1975). Section 13A-5-7, Code of Alabama states:
“(a) Sentences for misdemeanors shall be a definite term of imprisonment in the county jail or to hard labor for the county, within the following limitations:
‡ * * * * * ,
“(2) For a class B misdemeanor, not more than six months.”
The appellant was sentenced to one year’s imprisonment in the county jail. The appellant should not have been sentenced to more than six months for this offense.
Because of this error as shown, the judgment of the conviction for burglary is affirmed, but this cause is remanded for proper sentencing on the menacing count.
AFFIRMED, REMANDED FOR A NEW SENTENCING HEARING.
All the Judges concur.
TYSON, Judge.
On November 10, 1987, this court unanimously affirmed this cause following the remandment of the cause for a hearing on the allegations of ineffective assistance of counsel. Following the filing of the complete return and record on appeal, this cause was affirmed as aforesaid.
On May 5,1988, a return was filed in this court showing that the trial court has now imposed a six months’ sentence on the menacing count. The judgment below is now affirmed.
AFFIRMED.
All the Judges concur.