TYSON, Judge.
Cleveland Smith was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” The appellant was sentenced to 20 years’ imprisonment in the state penitentiary.
On April 18, 1987, around 9:00 a.m., the prosecutrix went to a bus stop in Mobile. The appellant drove up to the bus stop in a maroon or rust automobile. He forced the prosecutrix into his car by holding a gun on her.
The appellant then drove to a deserted parking lot where he told the prosecutrix that he would blow her brains out if she did not have sexual intercourse with him. The appellant engaged in sexual intercourse with the prosecutrix. While in the appellant’s automobile, the prosecutrix saw a tag containing the appellant’s picture. Printed on the tag was the name Cleve or Cleveland Smith and Bender’s Shipyard.
A rape exam was performed on the pros-ecutrix and seminal fluid was obtained from her vagina.
Elaine Scott, an expert in biological fluid stains, testified that 40% of the male population, including the appellant, had the type seminal fluid found in the prosecutrix.
Craig Richards of the Mobile Police Department investigated this offense. While he was inside a restaurant in Mobile, Alabama, he saw a vehicle drive up to the restaurant which fit the description given him by this prosecutrix. One of the three men who got out of the car fit the description of the prosecutrix’s assailant. Richards went outside to take a closer look at the automobile. When Richards approached the appellant, the appellant denied being Cleveland Smith.
Inez Smith, the appellant’s wife, and the appellant testified that on the date in question the appellant took her to her cousin’s house around 9:00 a.m. When she returned home at 9:30 a.m., the appellant and Roger Nichols were washing the appellant’s car. The appellant left with Nichols around .9:45 a.m. and returned home around 4:00 p.m.
Roger Nichols testified that on the day in question he was at the appellant’s house with the appellant around 9:30 a.m. The two men stayed together until around 3:00 p.m. that day.
The appellant denied raping or assaulting the prosecutrix.
The appellant challenges the sufficiency of the evidence. He contends in his motion for judgment of acquittal that the State did not establish the element of forcible compulsion.
I
Section 13A-6-61(a)(l), Code of Alabama 1975 provides that:
“(a) A male commits the crime of rape in the first degree if: (1) He engages in sexual intercourse with a female by forcible compulsion.” .
Section 13A-6-60(8), Code of Alabama 1975, defines forcible compulsion as:
“Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.”
The degree of force necessary to constitute rape is if the victim is under such duress that the act is accomplished against her will. Fairchild v. State, 505 So.2d 1265 (Ala.Crim.App.1986); See Smelcher v. State, 520 So.2d 229 (Ala.Crim.App.1987); Martin v. State, 504 So.2d 335 (Ala.Crim.App.1986).
We find that the State clearly proved the element of forcible compulsion. The testimony of the prosecutrix that the appellant had a gun and told her he would blow her brains out if she did not cooperate was *200 sufficient to establish forcible compulsion. Harris v. State, 333 So.2d 871 (Ala.Crim.App.1976).
II
The appellant also contends that the State did not establish his identity as the assailant in question.
Conflicts in testimony before the jury present a question for the petit .jury. Downing v. State, 354 So.2d 331 (Ala.Crim.App.1978). Harris, supra.
This court is required to view the evidence in the light most favorable to the State and will not substitute its judgment for that of the jury. Cole v. State, 443 So.2d 1386 (Ala.Crim.App.1983).
At trial the prosecutrix identified the appellant as her assailant. On the day of the rape she gave police the name she saw on a tag in the assailant’s automobile. Her description led Officer Richards to question, and later arrest, the appellant at a local restaurant. The appellant’s defense was alibi in that he was with a friend when the rape at issue occurred.
The evidence presented in this case is conflicting. Thus, this conflicting evidence presented a sufficient question for the jury to determine whether the appellant was the rapist identified by the prosecutrix. Downing and Harris, supra.
Thus, the trial judge properly denied the appellant’s motions for judgment of acquittal.
We have examined this record and find no error. The judgment below is, therefore, due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.