**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J. Fisher, Jr.                                                          Elisabeth A. Shumaker
Clerk                                                                            Chief Deputy Clerk

May 13, 1997

**TO:**   All recipients of the captioned order and judgment

**RE:**   96-4064, USA v. Ignacio
            May 9, 1997


Please be advised of the following correction to the captioned decision:

Due to formatting errors, the text of the order and judgment was center justified. A corrected copy is attached for your convenience.


Very truly yours,

Patrick Fisher, Clerk


Susie Tidwell
Deputy Clerk


encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BERNARD IGNACIO, JR.,

Defendant-Appellant.

No. 96-4064
(D.C. No. 2:95CR 0153C)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before BRISCOE, LOGAN and LUCERO, Circuit Judges.

---

Defendant Bernard Ignacio, Jr. appeals his conviction after a jury found him guilty

on the first of two counts of aggravated sexual abuse within Indian country, in violation

of 18 U.S.C. §§ 2241(a)(1) and 1153(a). Defendant asserts that we must reverse his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction because the verdicts were inconsistent. We reject defendant's claim of error for two reasons.[1]

First, the verdicts were not inconsistent. The two counts contained different elements: Count I required the jury to find that defendant forced the victim to have vaginal intercourse; Count II required the jury to find that defendant forced the victim to have anal intercourse. The victim testified that defendant forced her to have both vaginal and anal intercourse. Defendant testified that the victim consented to vaginal intercourse and that no anal intercourse occurred. Based on this evidence the jury could have found that defendant forced the victim to have vaginal intercourse (Count I) and also could have found that there was no forced or consensual anal intercourse (Count II).

Second, "even if we did find the jury's verdict to be inconsistent, it would not be a basis to reverse Defendant's conviction." United States v. Hanif, 1 F.3d 998, 1004 (10th Cir.), cert. denied, 510 U.S. 1001 (1993). In Dunn v. United States, 284 U.S. 390 (1932), the Supreme Court first stated the general rule that consistency in verdicts in criminal trials is not required. Although some circuits developed exceptions to that rule, in United States v. Powell, 469 U.S. 57, 69 (1984), the Court reaffirmed Dunn, stating that "there is no reason to vacate [a] conviction merely because the verdicts cannot rationally be

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

- 3 -

reconciled." The cases to the contrary on which defendant relies are state court cases decided before Powell. See Marsh v. State, 393 N.E.2d 757 (Ind. 1979); People v. Wells, 369 N.Y.S.2d 538 (N.Y. App. Div. 1975); People v. Bullis, 294 N.Y.S.2d 331 (N.Y. App. Div. 1968).

Because inconsistency of verdicts is not a basis on which to challenge a verdict, the government characterizes defendant's claims as a challenge of the sufficiency of the evidence on Count I. Although insufficiency of the evidence "should not be confused with the problems caused by inconsistent verdicts," Powell, 469 U.S. at 67, we have reviewed the record and are satisfied that the evidence supports a rational determination that the defendant was guilty beyond a reasonable doubt of aggravated sexual abuse for the vaginal rape alleged in Count I.[2]

---

[2] The evidence included testimony by the victim, who identified defendant in court. II R. 50. She testified that after being introduced to defendant by an acquaintance at a bar, she ran into defendant at another bar and reluctantly agreed to give him a ride home. Id. at 49-58. After they arrived in front of defendant's home defendant took her car keys, and when she tried to run away toward an approaching car he grabbed her and took her behind the house, id. at 69-71, forced her to the ground and raped her, id. at 71-77. She testified that he forced her to have both vaginal and anal intercourse. After the attack the victim drove to her ex-husband's home and told him that she'd been raped. Id. at 92. Her ex-husband testified at trial to that effect. Id. at 31-34. Law enforcement officers found defendant hiding near the victim's ex-husband's home. III R. 78. A physician testified that he examined the victim, and that she was upset and had injuries, including an abrasion near the anus, that were consistent with forced or consensual intercourse although in his opinion it was a forcible assault. Id. at 43-47. Although defendant asserted that he had consensual vaginal intercourse with the victim, IV R. 44-45, he admitted that before any sexual contact the victim had run away from him, and that he ran after her, grabbed her, and carried her back to the car. Id. at 37-42.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge