■ In the Matter of KORAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [809 NYS2d 167]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated February 10, 2005, which, upon a fact-finding order of the same court dated November 22, 2004, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual misconduct, placed him under the supervision of the "Probation Department of the County of Queens" for a period of 18 months. The appeal brings up for review the fact-finding order dated November 22, 2004.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The presentment agency alleged that the appellant had committed an act which, if committed by an adult, would have constituted the crime of rape in the first degree by forcible compulsion (Penal Law § 130.35 [1]). At the close of the fact-finding hearing, the Family Court, in effect, found a lack of proof of forcible compulsion in finding that the evidence did not prove that the appellant committed an act constituting rape in the first degree. Thus, as correctly conceded by the presentment agency, the Family Court erred in finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual misconduct (Penal Law § 130.20 [1]) based on the same evidence (*see People v McEaddy*, 30 NY2d 519 [1972]; *People v Simms*, 58 AD2d 720 [1977]; *People v Legrand*, 50 AD2d 936 [1975]; *People v Wells*, 48 AD2d 934 [1975]). Florio, J.P., Ritter, Krausman and Covello, JJ., concur.