LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty on a trial on an indictment that charged that he “did engage in deviate sexual intercourse with Daniel K. Thanum by forcible compulsion, in violation of § 13A-6-63 of the Code of Alabama,” which by subsection (b) is classified as a Class A felony. After due notice by the State of its invocation of the law as to habitual felony offenders, a sentencing hearing was conducted, at the conclusion of which the trial court sentenced the defendant to life imprisonment without parole.
Six issues are presented in brief of counsel for appellant; the first three pertain to the question of the validity of the judgment of conviction and the last three pertain to some or all of the terms of the sentence imposed by the trial court. We discuss first the issues that pertain to the correctness of the judgment of conviction in the order presented in appellant’s brief. By the first of such issues, it is stated, “THE TRIAL COURT ERRED IN DENYING APPELLANT’S MOTION FOR FUNDS TO HIRE AN INVESTIGATOR.” Appellant’s attorney relies upon the following grounds of said motion:
“1. The Defendant is an indigent incarcerated and awaiting trial in Kilby Correctional Center.
“2. The Defendant is charged with sodomy in the 1st degree.
“3. Defendant’s attorney does not have the expertise in criminal investigation work to investigate the facts and wit *440 nesses surrounding the alleged crime with which the Defendant is charged. “Defendant’s attorney has no formal training in criminal investigation. Because of the large number of legal issues that must be researched and briefed, Defendant’s attorney does not physically have the time to interview all the potential witnesses that will be essential to providing the Defendant with an adequate defense. If the Defendant were not an indigent and could afford to hire a private criminal investigator, his attorney would advise the hiring of such an expert. Only with the use of an expert criminal investigator can the Defendant obtain an adequate defense and a fair trial.
“4. The State of Alabama has had trained criminal investigators investigating the alleged crime. The State of Alabama’s attorneys prosecuting the case against the Defendant have relied and will rely in the future on the evidence gathered by the State Investigator, whereas, because of his indigency, the Defendant’s attorney will not have this advantage nor will he have any way to meet or to counteract this advantage.”
Appellant’s attorney further argues that it was a “serious error of constitutional proportions to refuse to allow an indigent Defendant to present as complete and adequate a defense as a more prosperous defendant solely because of his inability to hire an expert investigator.” The same contention has been repeatedly rejected in opinions by the appellate courts of this State, which include the recent opinions by Judge Tyson in Willis v. State, 441 So.2d 1030, 1034 (Ala.Cr.App.1983) and Wiggins v. State, 440 So.2d 1164, 1167 (Ala.Cr.App.1983).
The only eyewitnesses to the crime alleged in the indictment were the alleged victim and the defendant, who gave conflicting versions as to what took place at the scene of the crime, which was in Kilby Prison in Montgomery County, where the alleged victim and defendant were inmates at the time. The alleged victim testified in detail that he was forced by the defendant to submit to the act of sodomy. There was no denial by defendant of his guilt of consensual “deviate sexual intercourse,” which constitutes a Class A misdemeanor. Alabama Criminal Code, § 13A-6-65. During the presentation of the evidence offered by the State, the State called Investigator Thomas G. Totty, an employee of the Alabama Board of Corrections, who testified as to a conversation between him and the defendant, in which defendant made some incriminating statements that are correctly characterized in the brief of counsel for appellant as “his alleged confession,” which constituted a typed copy that had been reproduced from a tape of the conversation. In arguing that the “purported confession should have been suppressed or excluded as involuntary under the ‘totality of the circumstances,’ ” the following are stated as the reasons for the position taken by appellant’s attorney:
“First, Appellant was relatively young (21 years of age) at the time his statement was made. Secondly, he had been confined within the penal system continuously since his sixteenth year of life and thereby deprived of a full opportunity to gain the kind of knowledge and experience necessary to fully comprehend his situation and evaluate his alternatives. Third, Appellant’s academic background raises additional questions concerning Appellant’s intellectual ability to rationally handle the situation in which he found himself on February 18th through the 23d of 1981. Appellant testified to the events which occurred during his formative years indicate an educational and intellectual deficiency, i.e., attending four years of elementary school in a foreign country where English was not taught, receiving failing grades in English thereafter, dropping out of school entirely in the ninth grade, and commitment to an institution for disturbed youth. While Appellant did testify that he had received a ‘diploma’ from Holman (a State correctional facility operated by the Department of Corrections) it is submitted that this is not a true indication of Appellant’s *441 ability to understand and comprehend on a level with other individuals who have not spent their entire adult life behind prison bars.”
The quoted argument has a persuasive tendency, but we are not convinced that the trial court was in error in overruling defendant’s motion to suppress the confession. The trial judge was in a better position than we to determine the voluntariness of the statement made by the defendant. We see no more reason to hold that defendant was no more “incapable of knowingly and intelligently waiving his rights against self-incrimination,” than was the appellant Myers, in Myers v. State, 431 So.2d 1342 (Ala.Cr.App.1982), cert, quashed, 431 So.2d 1346 (1983, wherein this Court per Judge CeCarlo stated:
“Appellant also argues that he was without the medication that he normally took for epilepsy and, as a result, was suffering from withdrawal at the time he made the statement. He asserts that the with- . drawal side effects rendered him incapable of knowingly and intelligently waiving his rights against self-incrimination.” “The voluntariness of a confession or incriminating statement is to be determined by the trial court from evidence presented at a hearing outside the presence of the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The judge may hear evidence from both the prosecution and defense. Stewart v. State, 49 Ala.App. 681, 275 So.2d 360 (1973), and he is to make his determination upon a consideration of the ‘totality of the circumstances,’ Blackbum v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). Even when the evidence presented is in conflict, his finding will not be disturbed on appeal unless it is palpably contrary to the weight of the evidence or is manifestly wrong. Hewitt v. State, 389 So.2d 157 (Ala.Cr.App.1980); Kuczenska v. State, 378 So.2d 1182 (Ala.Cr.App.1979), cert. denied, 378 So.2d 1186 (Ala.1980).”
By appellant’s third issue addressed to the question of the correctness of the judgment of conviction, the position is taken in the brief of counsel for appellant that during the cross-examination by defendant’s counsel of Investigator Totty, the trial court erroneously sustained the objection of State’s counsel to interrogation by defendant’s counsel as to the feeling of the witness “about the crime of sodomy,” as shown by the following portion of the transcript:
“Q. That’s the question I was asking. Investigator Totty, you have some rather strong feelings about the crime of sodomy; do you not?
“MR. GILLIS [Assistant District Attorney]: Objection. How the witness feels about the crime, Your Honor, I would submit to the Court is totally irrelevant. “MR. BRANCHARD: I disagree, Your Honor, in this particular instance.
“THE COURT: The objection is sustained.
“THE COURT: All right, the following takes place out of the hearing of the jury.
“MR. BLANCHARD: Judge, the witness presently testifying has indicated and testified he in no way threatened or attempted to get my client to say anything. I’m simply trying to establish that this witness has previously testified that he considers this crime his specialty and, in fact, he despises the crime. These things bear on his zeal in the investigation and it should have some weight for the jury in determining the credibility of his testimony.
“THE COURT: All right, sir. Is there anything further?
“MR. BLANCHARD: Nothing further. “THE COURT: All right. The previous objection is sustained.
As difficult as it may be to determine whether the trial court committed error prejudicial to defendant in sustaining the State’s objection to the inquiry shown above by defendant’s counsel as to whether Investigator Totty had “some rather strong feelings about the crime of sodomy,” we have just as much difficulty in determining *442 either what defendant’s attorney expected to be gained on behalf of defendant by an answer to the question or what injury there would have been to the State for the witness to have given an answer to the question. It seems that the puzzling nature of the problem is probably attributable to the fact that at the time it was presented it was not known by counsel for the State or by the trial judge whether the defendant would take the stand, as he did, and admit consensual sodomy with the alleged victim of forcible sodomy. Neither party has cited any authority that furnishes an answer to the particular question. Neither of the cases cited by appellant’s attorney, State v. Hurling, 44 Wis.2d 266, 170 N.W.2d 720 (1969), and United States v. Kartman, 417 F.2d 893 (9th Cir.1969), contains any inquiry as to the feeling of a witness as to the crime of sodomy. In United States v. Kartman, it was held in a two-to-one opinion that it was error to limit an inquiry by defendant’s attorney on cross-examination of a deputy marshal as to whether “he had any bias or prejudice—any feelings of opposition, anger, or bitterness—toward persons who participated in anti-draft and antiwar demonstrations, and hence against defendant as a part of that group, which might color or influence his testimony.” In State v. Harling, it was held that the trial court erroneously sustained an objection to cross-examination of a doctor as to whether he had prejudice against anyone charged with having committed criminal abortion but that such error was not prejudicial.
Our conclusion as to the third issue presented in the brief of counsel for appellant is that the trial court did not commit error prejudicial to defendant in sustaining the State’s objection to the question asked by which counsel for defendant says he expected to show by answer of Inspector Totty that his specialty as a law enforcement officer was in the enforcement of the law against sodomy and that Investigator Totty had such strong feelings about the crime of sodomy that he despised the crime.
We now consider the issues addressed by appellant’s counsel to the terms of the judgment of sentence. By the first issue, it is contended that “the Court erroneously applied Section 13A-5-9(c)(3) of Alabama’s Habitual Offender Law in appellant’s case.” The three previous felony convictions of defendant-appellant were in cases numbered 12689,12690, and 12692, in the Montgomery County Circuit Court, for the felonies of kidnapping, robbery, and assault to ravish, respectively. The attorney for appellant argues:
“During the trial of this case there was testimony, undisputed by the State, to the effect that all three of the above-mentioned crimes were committed within a twenty-four hour period. The victim was the same in each case, i.e., the Defendant was convicted of kidnapping a woman, robbing her, and assaulting her with the intent to ravish, all upon the same day.”
Appellant’s attorney emphasizes the fact that the victim in each of the three previous felonies was the same person, but he does not contend that each of the convictions was not for a separate and distinct felonious act on the part of the defendant-appellant. The position taken by appellant as to this issue, i.e., that only one of the three convictions is covered by the Habitual Felony Offender Act, is not well taken. Seritt v. State, 401 So.2d 248, cert. denied, 401 So.2d 251 (1981) and McLester v. State, 423 So.2d 286 (Ala.Cr.App.1982).
By the next two issues presented in appellant’s brief pertaining to the judgment of sentence, appellant complains of the action of the trial court during the sentencing hearing, in ordering or directing that “defendant pay the victim for restitution in the amount of $100,000.00.” We now quote from the transcript of the proceedings as to said action by the trial court:
“THE COURT: All right. First thing we must do is to have a restitution hearing. The law makes mandatory that I hold a restitution hearing in every case in Alabama, even though the defendant is serving life plus thirty years and looking at *443 an additional period of imprisonment. The Legislature has influenced it to pass an Act requiring restitution hearings and it is fitting and appropriate.
“Let’s proceed in this Circuit with that hearing. What has the State to offer on the subject of restitution?
“MS. EMFINGER [Assistant District Attorney]: The State represents that there is no restitution owed to the victim in this case.
“MR. BLANCHARD [Defendant’s attorney]: The Defense concurs with that. “THE COURT: Does the State question or deny any of the testimony represented by the State itself in the trial of this case?
“MS. EMFINGER: Do we deny it?
“THE COURT: Yes.
“MS. EMFINGER: No, sir.
“THE COURT: Does the State consider the forceful sodomy as not a torturous act to cause of action and wish to ask for damages?
“MS. EMFINGER: Yes, sir, but we would say that as far as we ... we’re not going to speculate on damages. As far as actual damages, Mr. Gillis and I have conferred with him and we have conferred with the victim and there are none.
“THE COURT: By speculative damages do you mean punitive damages and by actual damages you mean bills submitted by hospitals or something of that nature? “MS. EMFINGER: Yes, sir.
“THE COURT: All right. On the basis of the evidence presented by the State in the trial of this case I do direct that you pay to the victim in this case a sum of One Hundred Thousand Dollars as damages for the forceful sodomy committed on him. That concludes the hearing on restitution. Nothing now remains except the imposition of sentence.”
In reply to the contentions of appellant’s attorney as to the trial court’s order of restitution, counsel for appellee states the following:
“Based on the holdings in Killough v. State, 434 So.2d 849 (Ala.Cr.App.), aff’d, 434 So.2d 852 (Ala.1983) and Jackson v. State, 435 So.2d 235 (Ala.Cr.App.1983), the Appellee respectfully declines to present argument on either of the Appellant’s two restitution issues.”
Without discussing fully all of the pros and cons as to whether the instant case furnished a basis for the application of the law concerning restitution of victims of crimes, as contained in Acts 1980, No. 80-588, p. 928, and now codified in Code of Alabama 1975 (1985 Cum.Supp.), §§ 15-18-65 through 15-18-78, but having in mind the case of Ex parte Clare, 456 So.2d 357 (Ala.1984), we conclude that the order of the trial court as to restitution was in error and should be vacated. The judgment of conviction and sentence should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
ORDER OF RESTITUTION TO VICTIM VACATED; JUDGMENT OF CONVICTION AND SENTENCE AFFIRMED.
All the Judges concur, except TAYLOR, J., who recuses himself.