BOWEN, Presiding Judge.
Howard McDougal was convicted for assault in the first degree and was sentenced to twenty years’ imprisonment. The assault occurred when the defendant, who was driving while intoxicated, ran a stop sign and collided with a car driven by Dwanah Lynn Stanley Bange. In such cases, assault in the second degree as defined by Alabama Code 1975, § 13A-6-21(a)(3) (recklessly causing serious physical injury to another by means of a deadly weapon or dangerous instrument) is a lesser included offense of assault in the first degree under § 13A-6-20(a)(3) (causing serious physical injury to another by recklessly engaging in conduct which creates a grave risk of death to another under circumstances manifesting extreme indifference to the value of human life). Manning v. State, 471 So.2d 1265 (Ala.Cr.App.1985).
Here, requested instruction No. 1 was properly refused because the charge substituted the term “serious injury” for what should have been “serious physical injury.”
However, the defendant’s requested charge No. 2 defining second degree assault was virtually identical to the recommended instructions on assault in the second degree found in Alabama’s Pattern Jury Instructions: Criminal developed by the Alabama Bar Institute for Continuing Legal Education, § III-C-2.2(b) (1980). Defense counsel properly objected to the refusal of his requested instruction and to the trial court’s oral charge under A.R.'Cr. P.Temp. Rule 14. It is fundamental that “[a]n individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position.” Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.