Charles Eugene Cordar was convicted of rape under Ala. Code 1975, § 13A-6-61. *Page 1247 
He appealed that conviction to the Court of Criminal Appeals, which affirmed. We do not set out all the facts, because they are set out in detail in Cordar v. State, 538 So.2d 1241
(Ala.Crim.App. 1987).
Cordar, in his petition for certiorari, raises two of the same issues he raised in the Court of Criminal Appeals:
1) That the probative value of pictures of a sanitary napkin found at the scene and which the evidence showed belonged to the prosecutrix should have been excluded from evidence because the probative value of the evidence was substantially outweighed by its prejudicial effect upon the jury, and
2) That, under the facts of this case, he was entitled to have the jury instructed on the lesser included offense of sexual misconduct.
We agree with the Court of Criminal Appeals that the trial court did not err in allowing the pictures of the sanitary napkin to be put into evidence, but we must respectfully disagree with the Court on the second issue, because we are of the opinion that the facts set out in the opinion of that court show that there was a reasonable theory from the evidence supporting the petitioner's position that he did not engage in sexual intercourse by forcible compulsion as specifically charged in the indictment.
The indictment in this case charged petitioner with the following offense:
 "Charles Eugene Cordar, alias Charles Cordar whose name is to the grand jury otherwise unknown, a male, did engage in sexual intercourse with [prosecutrix], a female, by forcible compulsion, in violation of Section 13A-6-61 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama."
The relevant part of § 13A-6-61 states:
 "(a) A male commits the crime of rape in the first degree if:
 "(1) He engages in sexual intercourse with a female by forcible compulsion. . . ."
"Forcible compulsion" is defined in § 13A-6-60(8), as follows:
 "Physical force that overcomes earnest resistance
or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." (Emphasis added.)
We agree with the Court of Criminal Appeals that the evidence was more than sufficient for the judge to allow the jury to decide whether the petitioner used physical force to overcome the prosecutrix's earnest resistance; therefore, the Court of Criminal Appeals was correct in holding that the petitioner was not entitled to a judgment of acquittal. This is especially true in view of the fact that there was evidence from which the jury could have concluded that the prosecutrix, because of her mental condition, was not able to earnestly resist.
The question presented on this petition, however, is not whether the petitioner could have been found guilty of rape in the first degree, but whether he was entitled to have the jury instructed on the lesser included offense of sexual misconduct, Ala. Code 1975, § 13A-6-65. That statute reads, in pertinent part:
 "(a) A person commits the crime of sexual misconduct if:
 "(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice. . . ."
The indictment charged that the petitioner "did engage in sexual intercourse with [prosecutrix], a female, by forcible compulsion." As already pointed out, petitioner claims that there is insufficient evidence to show that he was guilty of having sexual intercourse with the prosecutrix by forciblecompulsion, and on appeal to the Court of Criminal Appeals he contended that the trial court should have granted his motion *Page 1248 
for a judgment of acquittal of that offense, but he does not ask us to review the holding of the Court of Criminal Appeals on that issue. He further contended in that court, however, and renews his argument here, that he was entitled to have the jury instructed on the lesser included offense of sexual misconduct, because, he says, there was a reasonable theory from the evidence to show that he could have been found guilty of having had sexual intercourse with the prosecutrix without her consent
but not by forcible compulsion. The question becomes: Is there a reasonable theory from the evidence to show that the prosecutrix did not earnestly resist? We believe there is.
It is apparent from the record that the trial court and the Court of Criminal Appeals were of the opinion that a statement made in the commentary to the sexual misconduct statute, §13A-6-65, was controlling. The record shows that the following transpired when petitioner's attorney objected to the failure of the trial judge to give a requested written instruction on the lesser included offense of sexual misconduct:
 "MR. FIELDS: I would except to the Court's failure to give the defendant's requested charge number 1.
"THE COURT: Yes, sir, for sexual misconduct.
"MR. FIELDS: For sexual misconduct.
 "THE COURT: As I stated yesterday, I did get into the commentaries in the subject area of sexual misconduct and I would invite anyone on review that there is good source material in the commentaries to that offense. Note your exception now, Mike, and if there is an appeal, [I'll] be glad to read about it."
On appeal, the Court of Criminal Appeals held as follows:
 "The appellant's last contention is that the trial court erred in refusing to give the appellant's requested jury charge on the lesser included offense of sexual misconduct.
 "The pertinent part of § 13A-6-65, Code of Alabama 1975, is as follows:
 " '(a) A person commits the crime of sexual misconduct if:
 " '(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by Sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice;'
 "The purpose of this statute as stated in the commentary to § 13A-6-65, Code of Alabama 1975 is this statute 'is directed toward the more unusual situations where a person has acquiesced to sexual intercourse or deviate sexual intercourse as a result of some fraud, artifice or stratagem.'
 "There was no evidence to support that in the cause at bar. The evidence in this cause did not show the appellant engaged in intercourse with the victim under circumstances other than those covered in § 13A-6-61 (first degree rape), Code of Alabama 1975."
The Court of Criminal Appeals set out the evidence that supported its holding, as follows:
 "The prosecutrix testified she told the appellant she did not want to kiss him, but he jerked her chin and kissed her. The appellant then picked up the prosecutrix and carried her into the woods. While the appellant undressed the prosecutrix, the prosecutrix told the appellant she did not want to have sexual intercourse with him. There was some question as to why the prosecutrix did not scream for help.
 "However, the above evidence along with the prosecutrix being mentally slow was sufficient for the judge to allow this to go to the jury, who determined the appellant exercised physical force which overcame the prosecutrix's earnest resistance."
The holding by the Court of Criminal Appeals that the purpose of § 13A-6-65 "is directed toward the more unusual situations where a person has acquiesced to sexual intercourse or deviate sexual intercourse *Page 1249 
as a result of some fraud, artifice or stratagem," although it quotes verbatim from the commentary to § 13A-6-65, fails to consider the provisions of § 13A-6-70 and the commentary to that section, which states that lack of consent is an element of the offense of rape under Alabama law. Section 13A-6-70
provides:
 "(a) Whether or not specifically stated, it is an element of every offense defined in this article, with the exception of subdivision (a)(3) of section 13A-6-65 [deviate sexual intercourse with another person], that the sexual act was committed without consent of the victim.
"(b) Lack of consent results from:
"(1) Forcible compulsion; or
"(2) Incapacity to consent; or
 "(3) If the offense charged is sexual abuse, any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce to the actor's conduct.
 "(c) A person is deemed incapable of consent if he is:
"(1) Less than 16 years old; or
"(2) Mentally defective; or
"(3) Mentally incapacitated; or
 "(4) Physically helpless. (Acts 1977, No. 607, p. 812 § 2330.)" (Emphasis added.)
As we read the provisions of § 13A-6-65(a)(1), it is in the disjunctive. The first clause states that a male may be guilty of sexual misconduct if "he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 and 13A-6-62 [rape I and rape II]." (Emphasis added.).
As we read the opinion of the Court of Criminal Appeals, it holds that the crime of sexual misconduct is limited to those "unusual situations where a person has acquiesced to sexual intercourse or deviate sexual intercourse as a result of some fraud, artifice or stratagem." Of course, that is the wording of the commentary to § 13A-6-65, but the first clause in §13A-6-65 refers to sexual intercourse with a female "without her consent." The commentary admittedly speaks only in terms of those "unusual situations where a person has acquiesced tosexual intercourse" (emphasis added), but, obviously, the commentary cannot be referring to the first clause of §13A-6-65(a)(1), which requires that the State prove that a male engaged in sexual intercourse "without her consent."
Lack of consent is an element of the charge made against the petitioner in this case. Of course, lack of consent results from "forcible compulsion," or "incapacity to consent." §13A-6-70. As the Court of Criminal Appeals held, the evidence in this case of forcible compulsion and of incapacity to consent was sufficient to entitle a jury to find that the petitioner was guilty of rape in the first degree, but is therea reasonable theory from the evidence that would support afinding by the jury that the petitioner was guilty of thelesser included offense of sexual misconduct? We find that there is.
The Court of Criminal Appeals stated that, based upon a reading of the record, "[t]here was some question as to why the prosecutrix did not scream for help." Also, the nurse who examined the prosecutrix at Cooper Green Hospital testified, according to the Court of Criminal Appeals, "that there were no external signs of trauma either in the pelvic areas or the rest of prosecutrix's body." Because this evidence is in the record, a jury could conclude that the prosecutrix did not "earnestly resist." We do not suggest that she did not, only that it is a reasonable theory supported by the evidence.
We recognize that there was substantial testimony that the prosecutrix was mentally slow, and another jury may reach the same conclusion reached by this jury, that the prosecutrix did not consent because of the force used against her or because of her diminished mental capacity, but we believe that is a jury question. *Page 1250 
Because the Court of Criminal Appeals and the trial court applied the commentary to § 13A-6-65 literally, and, therefore, failed to consider the first clause of § 13A-6-65(a)(1), the judgment is due to be reversed and the cause remanded with instructions for the Court of Criminal Appeals to order a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.