ON APPLICATION FOR REHEARING
In 1988, Dale Thomas Parker was convicted of rape in the first degree, sodomy in the first degree, and kidnapping in the second degree. He was sentenced to concurrent terms of imprisonment for 25, 25, and 10 years, respectively. On August 25, 1989, his convictions were reversed and his cases were remanded for a new trial due to improper and prejudicial statements of the trial judge. Parker v. State, 549 So.2d 989
(Ala.Cr.App. 1989). Upon retrial, the defendant was convicted of the same offenses and given the same sentences. On this appeal, he raises two issues.
The State's evidence established that on November 12, 1987, the prosecutrix was 15 years old and the defendant was 26 years old. The prosecutrix testified that at 8:30 p.m. on the date in question she was walking home from a Phenix City convenience store when the defendant abducted her at knifepoint, drove her away in a vehicle, and forced her to smoke marijuana and to engage in various sex acts against her will. She stated that the defendant "sucked [her] breasts and licked [her] vagina," and compelled her to put her mouth on his penis and to submit to sexual intercourse. According to the prosecutrix, the defendant then allowed her to get dressed and drove her back to the convenience store about 10:00 p.m. The prosecutrix testified that she walked home, took a shower, and brushed her teeth.
At trial the State introduced a statement the defendant gave the police five days after the incident. In that statement, the defendant related the following version of his encounter with the prosecutrix:
 "She walked over by the car and she started to talking, and she asked me how old I was, and I told her, and I asked her her age, and she told me [nineteen]. And first thing led to another and I asked her if she wanted to smoke some pot, and she said of course, so she came around and got in the passenger side of my car, and we left there smoking a joint, and we rode around, and we smoked a few joints, and we went up to towards Idle Hour Park, and when we got up there and got to fooling around, and ah we made out, and that is all that there was to it. And the whole time I thought that she was nineteen years old, and that is all that happened."
A physical examination performed on the prosecutrix indicated that she had no *Page 1213 
scratches or bruises on her body, that her breasts, vulva, and vagina appeared "atraumatic," and that her hymen was "intact." Semen stains were found on her underclothes and THC was detected in her urine.
 I
We find merit to the defendant's argument that the trial court erred by not instructing the jury on the lesser included offenses of sexual misconduct, sexual abuse in the first degree, and sexual abuse in the second degree.
Prior to closing argument, defense counsel submitted the following written requests:
"Defendant's Requested Jury Charge Numbered 7
 Please give Alabama Pattern Jury Instruction — Criminal, Alabama Code § 13A-6-65(a)(3) entitled Sexual Misconduct (Deviate Sexual Intercourse).
"Defendant's Requested Jury Charge Numbered 8
 Please give Pattern Jury Instruction — Criminal, Alabama Code § 13A-6-66(a)(1) entitled Sexual Abuse in the First Degree (Forcible Compulsion).
"Defendant's Requested Jury Charge Numbered 9
 Please give Pattern Jury Instruction — Criminal, Alabama Code § 13A-6-67(a)(2), entitled Sexual Abuse in the Second Degree (Victim Between Ages of 12 and 16)."
At the conclusion of the court's oral charge, the defense made the following objection:
 "I'd like to except to your failure to give Defendant's Requested Jury Charge Number 7, 8, and 9, which were, respectively, instructions on lesser included offenses, or we believe lesser included offenses of sexual misconduct, sexual abuse in the first degree, sexual abuse in the second degree, and further except to your failure to give those three jury charges in that they were all three correct statements of the law, and under the facts of this case, the jury could find that all of the elements, as required under each of those three offenses, they could find that from the evidence."
On appeal, the Attorney General argues that this issue was not preserved for review because the defendant did not submit proper written requested charges. The State maintains that because defendant's requested charges 7, 8, and 9 merely directed the trial court's attention elsewhere (to the Alabama Pattern Jury Instructions — Criminal), and did not themselves include any legal principles applicable to the evidence in the case, they did not qualify as "written requested charges."
Even were we to accept this argument, we would still find that the defendant had preserved the issue for review. In pertinent part, Rule 14, A.R.Crim.P.Temp., states:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court." (Emphasis added.)
Here, defense counsel objected to the court's "incomplete . . . oral charge . . . before the jury retire[d] to consider its verdict, stating the matter to which he object[ed] and the grounds of his objection." That was sufficient. Matkins v.State, 497 So.2d 201 (Ala. 1986) (construing Rule 14, A.R.Cr.P.Temp.). In Matkins, the Alabama Supreme Court held that an accused who objects to the court's failure to charge on a lesser included offense has complied with the requirements of Rule 14 and is not required to submit any written instructions unless requested to do so by the trial court. 497 So.2d at 202.
Defense counsel complied with the purpose and intent of Rule 14 by identifying the charges he requested in reference to the Alabama Pattern Jury Instructions — Criminal. As our Supreme Court noted *Page 1214 
in Matkins, most of Rule 14 is "identical to the language of its civil counterpart, Rule 51, Ala.R.Civ.P.," and the "purpose [of Rule 14] was to 'harmonize the procedure regarding instructions in both civil and criminal cases.' "497 So.2d at 202. The court then observed:
 "[T]his Court amended Rule 51, Ala.R.Civ.P., effective March 1, 1984, which was after the date of defendant's trial, to add the following sentence: 'Additional instructions shall be submitted in writing, except that with respect to any additional instruction taken from the Alabama Pattern Jury Instructions, it shall be sufficient to identify said instruction on the record by reference to the number and title of said pattern jury instruction.' No such amendment has been made to Temporary Rule 14, Ala.R.Crim.P."
Matkins, id. (final emphasis added). The amendment to Rule 51 was made almost two years after the adoption of Rule 14. Although Rule 14 still has not been similarly amended,[1] this Court has implicitly approved the use of the pattern jury instructions promulgated by the Alabama Bar Institute for Continuing Legal Education. See McDougal v. State,488 So.2d 15, 16 (Ala.Cr.App. 1986). We also note that the Alabama Supreme Court has "recommended" the pattern jury instructions promulgated for use in death penalty cases, Ex parte Harrell,470 So.2d 1309, 1314 (Ala.), cert. denied, 474 U.S. 935,106 S.Ct. 269, 88 L.Ed.2d 276 (1985), and has declined to find plain error where these instructions were used in a capital case, see Ex parte Martin, 548 So.2d 496, 499 (Ala. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 419, 107 L.Ed.2d 383
(1989). Therefore, defense counsel should not be deemed to have failed to properly preserve the error in the trial court's failure to instruct the jury on lesser included offenses because counsel identified the requested charges by referring to the applicable pattern jury instructions instead of by setting out the text of the charges themselves.
A defendant accused of a greater offense is entitled to have the trial court charge on lesser offenses included in the indictment if there is any reasonable theory from the evidence to support the lesser charges, "regardless of whether the State or [the] defendant offers the evidence." Ex parte Pruitt,457 So.2d 456, 457 (Ala. 1984).
Here, there was a reasonable theory from the evidence supporting all three of the offenses outlined in the requested charges. Based on the defendant's statement, the jury could have found that the acts between the defendant and the prosecutrix were consensual, but were nevertheless in violation of either § 13A-6-65(a)(3) or § 13A-6-67(a)(2). The former prohibits "deviate sexual intercourse [oral sex] . . . under circumstances other than those covered by [the statutes prohibiting sodomy in the first or second degree]," and the latter prohibits "sexual contact" by a male over the age of 19 years with a person whose age is between 12 and 16 years. Consent is not a defense to a prosecution under either of these statutes.
Finally, there was a reasonable theory from the evidence that the sexual acts between the defendant and the prosecutrix were accomplished by force and were not consensual, but that they did not culminate in rape. There was evidence from which the jury might have found that only forcible "sexual contact," as proscribed in § 13A-6-66(a)(1), and not "rape," as defined in §13A-6-61(a)(1), occurred.
This court has previously held that sexual abuse may be a lesser included offense of both rape, King v. State,574 So.2d 921 (Ala.Cr.App. 1990), and sodomy, Hutcherson v. State,441 So.2d 1048, 1052 (Ala.Cr.App. 1983). In addition, sexual misconduct, as outlined in § 13A-6-65(a)(3), is — by definition — a lesser included offense of sodomy. See King v.State, 574 So.2d at 931 (Bowen, J., concurring specially); *Page 1215 Williams v. State, 494 So.2d 819, 827 n. 9 (Ala.Cr.App. 1986) (wherein this Court referred to subsection (3) of the sexual misconduct statute as "consensual sodomy"); Patzka v. State,481 So.2d 438, 440 (Ala.Cr.App. 1985) (same); State v.Woodruff, 460 So.2d 325, 329 (Ala.Cr.App. 1984) (same). Seealso Ex parte Cordar, 538 So.2d 1246, 1247 (Ala. 1988) (wherein the Alabama Supreme Court held that subsection (1) of the sexual misconduct statute constitutes a lesser included offense of rape). Under the circumstances of this case, the trial court erred by refusing to instruct the jury on the three lesser included offenses requested by the defendant.
 II
The defendant also claims that the trial court erred by admitting into evidence State's Exhibit 17, the "Alabama Uniform Incident/Offense" report prepared by Sergeant Nell Thompson in this case. The defendant objected to the admission of this document on the ground that it contained hearsay statements of the victim.
In Lee v. State, 565 So.2d 1153 (Ala. 1989), the Alabama Supreme Court held the following:
 "In sexual offense cases, it is the general rule that testimony regarding a prosecutrix's complaint in the first instance must be confined to the mere showing of the fact that a complaint was made. Details of the occurrence are not admissible. See Lawson v. State, 377 So.2d 1115 (Ala.Cr.App.), cert. denied, 377 So.2d 1121 (Ala. 1979). However, there are certain exceptions to that general rule. In Cady v. State, 455 So.2d 101 (Ala.Cr.App. 1984), the Court of Criminal Appeals wrote:
 " 'One exception is found in the permissible introduction of evidence as to the details of the victim's complaint for the purpose of corroborating the victim's testimony on direct examination as to the details of the crime, as to which the victim has been subjected to cross-examination calculated to reflect upon her credibility as a witness.'
"455 So.2d at 125.
 "On cross-examination of one of the victims, the defendants' attorney repeatedly inquired into the substance of the conversations between the victim and [a police officer and a Department of Human Resources employee], with the apparent purpose of reflecting upon the child's credibility as a witness. This brought the testimony of [the State's witnesses] within the purview of the aforementioned exception to the general rule, and the trial court was correct in allowing that evidence. The Court of Criminal Appeals erred in holding it inadmissible."
Lee v. State, 565 So.2d at 1154.
In the present case, defense counsel cross-examined the prosecutrix regarding the sequence of events which occurred in the defendant's vehicle and highlighted several seemingly self-contradictory statements made by the prosecutrix. The State was therefore entitled to attempt to rehabilitate her by proof of her prior consistent statements to Sergeant Thompson.See C. Gamble, McElroy's Alabama Evidence § 178.01 at 361 (3d ed. 1977).
For the error shown in Part I, the defendant is entitled to a new trial on the charges of rape and sodomy. The defendant's conviction for kidnapping in the second degree was not affected by this error and is therefore affirmed.
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
RULE 39(K), A.R.APP.P., MOTION DENIED;
APPLICATION FOR REHEARING GRANTED IN PART;
AFFIRMED IN PART;
REVERSED AND REMANDED IN PART.
All Judges concur.
[1] We note that Rules 21.1 and 21.2 of the new Alabama Rules of Criminal Procedure, which correspond to Temporary Rule 14, do not include the provision regarding the sufficiency of directing the trial court's attention to the applicable Pattern Jury Instructions — Criminal. See A.R.Cr.P. 21.1, 21.2 (effective Jan. 1, 1991). *Page 1216