JAMES H. FAULKNER, Retired Justice.
Jeffery Howard Williams was indicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama 1975. The jury found Williams guilty of the lesser included offense of manslaughter. The court sentenced Williams to 15 years’ imprisonment, which sentence was suspended, with Williams to serve 30 days in the Jefferson County jail and the remaining 14 years and 11 months on probation. Williams was also ordered to pay $25,000 in restitution, in monthly installments of not less than $200 per month.
The sole issue raised on appeal is whether the trial court abused its discretion in assessing restitution in the amount of $25,000 to be paid by Williams to the victim’s next of kin and in denying Williams’ motion for reconsideration, where no hearing was held and no evidence was presented to support the restitution order.
The purpose of the Restitution to Victims of Crimes Act, codified at §§ 15-18-65 to -77, Code of Alabama 1975, is to ensure “that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.” § 15-18-65, Code of Alabama 1975.
The Code defines “victim” as
“(4) Victim. Any person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant’s criminal activities. Victim’ shall not include any participant in the defendant’s criminal activities.”
The Code defines “pecuniary damages” as follows:
“(2) Pecuniary Damages. All special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant’s criminal activities; the term shall include, but not be limited to the money or other equivalent of property taken, broken, destroyed, or otherwise used or harmed and losses such as travel, medical, dental or burial expenses and wages including but not limited to wages lost as a result of court appearances.”
§ 15-18-66(2) and (4), Code of Alabama 1975.
We agree that Williams was entitled to a hearing at which evidence would be introduced to determine the precise amount of restitution due the victim in this case.
Section 15-18-67, Code of Alabama 1975, provides as follows:
“When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant’s criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim’s estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings.”
Section 15-18-69, Code of Alabama 1975, moreover, provides as follows:
“At such restitution hearings, the defendant, the victim, the district attorney, or other interested party may object to the imposition, amount or distribution of restitution or the manner or method thereof and the court shall allow all such objec *661 tions to be heard and preserved as a matter of record. The court shall thereafter enter its order upon the record stating its findings and the underlying facts and circumstances thereof.”
In the case sub judice, the record of both the sentencing hearing and the hearing on Williams’ motion for reconsideration is devoid of any evidence as to whether the family of the deceased suffered any loss that could be remedied by compensatory damages, as required by § 15-18-69, Code of Alabama 1975. This court cannot determine whether the trial court’s award of $25,000 in restitution constituted an abuse of discretion when the record before us is insufficient to make that determination. Henry v. State, 468 So.2d 896 (Ala.Cr.App.1984), cert. denied, 468 So.2d 902 (Ala.1985).
Thus, we must remand this cause to the trial court with instructions to conduct a hearing for the purpose of determining the amount of restitution in accordance with §§ 15-18-65 to -77, Code of Alabama 1975. The hearing should include some evidence as to how the amount was determined.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The cause is remanded with instructions to hold a hearing on the amount of restitution.
REMANDED WITH DIRECTIONS.
All the Judges concur.