PER CURIAM.
Spiver Whitney Gordon was indicted for rape in the first degree (§ 13A-6-61, Ala. Code 1975) and sexual misconduct (§ 13A-6-65, Ala.Code 1975). The jury found him not guilty of rape but guilty of sexual misconduct. He was sentenced to 12 months’ imprisonment in the Tuscaloosa County jail and was also ordered to pay a $25 victims’ compensation assessment. The Court of Criminal Appeals, without an opinion, affirmed Gordon’s conviction and later denied rehearing. Gordon v. State, (No. CR-94-1363) 683 So.2d 1067 and 687 So.2d 226 (Ala.Crim.App.1996) (tables). We granted Gordon’s petition for certiorari review. We affirm.
Gordon makes three arguments: (1) That the state failed to prove the elements of sexual misconduct; (2) that the .jury verdict finding him not guilty of rape, but guilty of sexual misconduct, was both unconstitutional and in violation of Alabama law, in that forcible compulsion, he argues, is an element of both rape and sexual misconduct; and (3) that the trial court committed error in overruling his allegations that the jury was struck in violation of Batson v. Kentucky[1] and its progeny.
Gordon did not testify at trial. All of the evidence relating to what occurred in the motel room was presented through the testimony of the prosecutrix. The prosecutrix, at the time of the incident, was 16 years of age. Her testimony indicated the following facts: On September 24, 1992, Gordon went to the home of the prosecutrix’s foster parents in Tuscaloosa, to pick her up. They had planned to go shopping at University Mall in Tuscaloosa. Instead, Gordon drove to the Masters Inn motel, where he handed the prosecutrix a key in the parking lot and told her to go to the motel room and wait on him. He told the prosecutrix that he was going to drive around for a few minutes because he did not want to be seen going into the room with her. After approximately 10 minutes, Gordon arrived at the room. The prosecu- *1162 trix had sat in a chair and awaited his arrival. Upon his arrival, they talked for a few minutes, after which he approached her and removed her shoes. She testified that he ran his hand across the bottom of her foot and afterwards pulled her up from the chair, and that she then walked to the bed with him. She said that he began unbuttoning her pants; that she asked him what he was doing and that he did not respond; that he then began touching her breasts and pushed her onto the bed; and that at this point, she said “no.” She stated that as he pushed her down he held her wrists and arms; that he climbed on top of her, unzipped and lowered his pants; and that he put on a condom and intercourse occurred. She testified that at that time she began crying. •
Gordon argues that the state failed to prove the elements of sexual misconduct, and he argues that forcible compulsion is an element of both rape and sexual misconduct and that the jury’s finding of not guilty on the rape charge precludes a conviction of sexual misconduct.
I.
The first issue Gordon presents is whether forcible compulsion is an element of both rape and sexual misconduct.
The trial court inconsistently charged the jury, as follows:
“Now, to convict, the State of Alabama must prove, as I have said, each and every element beyond a reasonable doubt.
“These elements are that the defendant, Spiver Gordon, a male, engaged in sexual intercourse with ..., a female, under the circumstances other than those covered by rape in the first or second degrees; that [the female] did not consent to the act; and that the defendant acted knowingly.
[[Image here]]
“Now, the only— basic difference between rape and sexual misconduct is that in the offense of sexual misconduct, earnest physical resistance is not required on the part of the defendant — or on the part of the victim.
[[Image here]]
“In order to convict the defendant on the charge of sexual misconduct, you must find that he, being a male, engaged in sexual intercourse with a female without her consent under circumstances that would not constitute rape.
“In order to satisfy the requirement that the sexual intercourse occurred without the female’s consent, you must find beyond a reasonable doubt that sexual intercourse occurred and that the female in question did not consent to the sexual intercourse.
“The lack of consent must result either from forcible compulsion or incapacity to consent. [Incapacity is not an issue.]
[[Image here]]
“Under both offenses [rape and sexual misconduct], the state must prove beyond a reasonable doubt that sexual intercourse between the complaining witness and the defendant occurred and that the sexual intercourse resulted from the element of forcible compulsion.
[[Image here]]
“The element of forcible compulsion is not satisfied by the mere fact that the complaining witness in a case says that she did not consent to the sexual intercourse in question.
“Forcible compulsion is defined by the law of Alabama as being physical force that overcomes earnest resistance or a threat, expressed or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.
“I further charge you that in order to determine whether the evidence supports a finding that forcible compulsion was used by an accused in order to compel a female to engage in sexual intercourse against the person’s will, the totality of the circumstances accompanying the act of sexual intercourse must be considered.
“Factors to be weighed in that determination include but are not limited to the respective ages of the victim and the accused; the respective mental and physical conditions of the victim and the accused; the atmosphere and the physical setting in which the incident is alleged to have taken place; the extent to which the accused may *1163 have been in a position of authority, dominion or custodial control over the victim; and whether the victim was under duress.”
(R.T. 688-92.)
The State responded as follows to that charge:
“THE COURT: State have any exceptions to the Court’s oral charge?
“MR. SMITH: No, sir. The State is satisfied.” ’
(R. 700-01.)
■The jury was first charged that sexual misconduct requires lack of consent and that earnest physical resistance is not required. Later in the same charge, however, the jury was told that in both rape and sexual misconduct, the sexual intercourse must have resulted from the element of forcible compulsion. The jury charge made forcible compulsion an element of both rape and sexual misconduct, when in fact, forcible compulsion is not required for sexual misconduct.
“Rape” and “sexual misconduct” are not the same substantive crime. In pertinent part, Ala.Code 1975, § 13A-6-61, provides:
“ (a) A male commits the crime of rape in the first degree if:
“(1) He engages in sexual intercourse with a female by forcible compulsion. . . ."
(Emphasis added.) Section 13A-6-62,[2] dealing with rape in the second degree, does not include the element of forcible compulsion and, therefore, will not be discussed further in this analysis.
For a conviction of rape in the first degree, sexual intercourse with forcible compulsion must exist. “Forcible.compulsion” is.defined in § 13A-6-60(8) as follows:.
“Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.”
(Emphasis added.)
However, sexual misconduct-requires lack of consent, not forcible compulsion as does rape in the first degree. In pertinent part, Ala.Code 1975, § 13A-6-65, provides:
“(a) A person commits the crime of sex-' ual miscondMct if:
“(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by Sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice....”
(Emphasis added.)
Sexual misconduct consists of sexual intercourse without the victim’s consent, but not by forcible compulsion. Ex parte Cordar, 538 So.2d 1246, 1248 (Ala.1988). Lack of consent is a required element of sexual misconduct. Ala.Code 1975, § 13A-6-65. However, although lack of consent results from forcible compulsion, lack of consent and forcible compulsion are not one and the same. Section 13A-6-70(b) states:
“(b) Lack of consent results from:
“(1) Forcible compulsion....”
(Emphasis added.) Forcible compulsion is conclusive presumptive evidence of lack of consent; therefore, lack of consent can exist without forcible compulsion. Id. Neither the Alabama Criminal Code nor the commentary to § 13A-6-70 defines “lack of consent.” However, Black’s Law Dictionary 305 (6th ed.1990) defines “consent” as “acquiescence or compliance [with the proposition of another].”
In Ex parte Cordar, we addressed the issue of sexual misconduct and held that because of a. question as to whether the victim had earnestly resisted, the defendant in a rape prosecution was entitled to a jury charge on sexual misconduct. Id., 538 So.2d at 1249. If the victim in Cordar did not *1164 earnestly resist, then the defendant could be found guilty of sexual misconduct, but not rape. Id. at 1247, 1248. Because Ala.Code 1975, § 13A-6-65, states that sexual misconduct is intercourse without consent and is different from the offense of rape, it stands to reason that forcible compulsion, which is an element of rape, is not an element of sexual misconduct, as this Court reasoned in Cordar, supra. However, the inconsistent jury charges on rape and sexual misconduct placed a higher burden of proof on the prosecution. Therefore, Gordon was not “injuriously affected” and the inconsistent jury charges amounted to harmless error. Rule 45, Ala.R.App.P.
The holdings in Martin v. State, 504 So.2d 335 (Ala.Crim.App.1986),[3] and Burgess v. State, 462 So.2d 1066 (Ala.Crim.App.1985), are hereby overruled to the extent that they hold that forcible compulsion is an element of both rape and sexual misconduct.
II.
Gordon next contends that the evidence was insufficient for the jury to find beyond a reasonable doubt that sexual intercourse occurred without the prosecutrix’s consent. We find no merit in this argument. The State presented evidence of such quality and weight that the jury could find the elements of sexual misconduct. The jury found those elements and convicted Gordon. The Court of Criminal Appeals properly affirmed the conviction.
AFFIRMED.
MADDOX, SHORES, and KENNEDY, JJ., concur.
HOOPER, C.J., and HOUSTON, J., concur specially.
SEE, J., concurs in the result.

. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. Section 13A-6-62 provides in pertinent part:
"(a) A male commits the crime of rape in the second degree if:
"(1) Being 16 years'old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.
[[Image here]]
“(b) Rape in the second degree is a Class B felony.”

. In Martin, the Court of Criminal Appeals held that the lack of consent required in the crime of sexual misconduct is defined as "forcible compulsion. "