SHAW, Judge.
Raymond Matheny was convicted of assault in the third degree, a violation of § 13A-6-22, Ala.Code 1975. He was sentenced to one year’s imprisonment.
Matheny raises one issue on appeal: he argues that the trial court erred in ordering him to pay restitution without conducting a hearing. The State agrees that the trial court erred in not conducting a restitution hearing and requests that this Court remand this case for the trial court to hold such a hearing.
The record reflects that on April 18, 2001, 15 days after Matheny was sentenced, the State filed a “Notice of Restitution” with the trial court, seeking restitution in the amount of $11,850. (C. 18.) On April 20, 2001, Matheny filed an objection to the restitution amount the State requested and he requested a restitution hearing. However, on May 11, 2001, without conducting a hearing, the trial court issued a written order granting the State’s restitution request and ordering Matheny to pay $11,850 in restitution. In that order, the trial court also indicated that Matheny had 30 days from the date of the order “to object to the restitution amount entered in this case” and that if Matheny objected, the court would conduct a hearing. (C. 22.) However, as the State correctly points out in its brief to this Court, Matheny had already filed an objection to the amount of restitution and had requested a hearing on the matter. By ordering Matheny to pay restitution without a hearing after he had objected and requested such a hearing, the trial court effectively denied Matheny’s request for a hearing. This was error.
“It is clear that the purpose of a restitution hearing is to arrive at a precise amount of restitution due a victim because of a defendant’s acts, so that the victim may be fully compensated. The purpose is not to punish the defendant. Because the purpose of these hearings is to compensate, evidence must be presented concerning the exact nature of the victim’s damage or loss.
“ We agree with the defendant that he was entitled to a hearing, at which legal evidence was introduced, in order to determine the precise amount of restitution due the victim in this case. Sections 15-18-67 and -69, Code of Alabama 1975, provide the following:
“ ‘When a defendant is convicted of ... criminal activity or conduct which has resulted in pecuniary damages or losses to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant’s criminal acts.... [T]he court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages....
[[Image here]]
“ ‘In addition, Rule 10(a)(5), Ala. R.Crim.P. Temp., provides that the amount of restitution due the victim “shall be determined by the court from evidence presented at the sentence hearing if not stipulated by the parties.” ’ ”
Williams v. State, 624 So.2d 661, 663-64 (Ala.Crim.App.1993), quoting Henry v. State, 468 So.2d 896, 901 (Ala.Crim.App.1984), cert. denied, 468 So.2d 902 (Ala.1985) (emphasis in Henry). See also Jolly v. State, 689 So.2d 986 (Ala.Crim.App.1996).
Matheny was entitled to a restitution hearing to determine the amount of restitution due the victim. Therefore, we remand this case to the trial court for that court to conduct a restitution hearing in *676 accordance with §§ 15-18-65 through 15-18-78, Ala.Code 1975, and Rule 26.11, Ala. R.Crim.P. .
REMANDED WITH DIRECTIONS.*
McMILLAN, p.j., and COBB, BASCHAB, and WISE, JJ„ concur.

 Note from the reporter of decisions: On April 19, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.